**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 98-11113**

---

**JACK WADE CLARK,**

**Petitioner-Appellant,**

**VERSUS**

**GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT**
**OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

---

Appeal from the United States District Court
For the Northern District of Texas

---

January 28, 2000

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Petitioner Jack Wade Clark, a Texas death row inmate, whose petition for habeas corpus relief and request for a Certificate of Appealability ("COA") from the denial thereof were both denied by the federal district court below, now seeks a COA from this Court pursuant to 28 U.S.C. § 2253(c)(2).  For all of the reasons set forth below, we deny the request for a COA.

## I. BACKGROUND

According to his own written confession, which was admitted at trial, Clark observed the decedent, Melisa Ann Garcia, making a telephone call at a public telephone in the early morning hours of October 15, 1989. He approached her, asked her for a light, walked around the corner to wait for her to finish her call, and then stabbed her in the shoulder as she completed her call. He then forced her into her own car, drove it away, and subsequently sexually assaulted her. All the while, the decedent was passing in and out of consciousness. After sexually assaulting her, he stabbed her again in the heart, drove her car and parked it near his house, cleaned the knife, and hid it in the attic.

Clark's confession was also supported by the testimony of a high school honor roll student, who was incarcerated with Clark while he was in the Lubbock County Jail, and in whom Clark had confided regarding his involvement in the murder. The witness testified that Clark, in a bragging tone, described how he had asked the victim for a lighter, stabbed her, forced her into the car, drove her somewhere, and "screwed her through her mouth, her ass, and her pussy." Clark further explained to the witness that he stabbed her again so that she could not identify him, and that he had ground the knife down so that it could not be identified as the murder weapon. There was no evidence that the witness received any benefit for coming forward with Clark's jailhouse confession some six weeks after the witness was released from jail.

2

The state's pathologist confirmed both of the stab wounds as well as the injuries which were indicative of sexual assault, i.e. traumatized external genitalia, a laceration on the remainder of the hymen, and abrasions, contusions, and swelling of the vaginal area. Additionally, the pathologist testified that the decedent's anus was dilated, indicating post mortem distention. The evidence presented at trial also included testimony that the knife later retrieved from Clark showed evidence of recent grinding.

The defense presented no evidence whatsoever during the guilt phase of the trial and waived argument.


II.  PROCEDURAL HISTORY

Clark pleaded not guilty and was tried before a jury on the charge of capital murder in the course of committing or attempting to commit sexual assault. On February 15, 1991, the jury returned a guilty verdict and on February 21, 1991, during the sentencing phase, the same jury returned answers in the affirmative to the two special issues in the applicable version of article 37.071 of the Texas Code of Criminal Procedure. Accordingly, the trial court imposed upon Clark the sentence of death.

Clark's conviction and sentence were automatically appealed to the Texas Court of Criminal Appeals. On March 9, 1994, that court affirmed Clark's conviction and sentence. *See Clark v. State*, 881 S.W.2d 682 (Tex. Crim. App. 1994) (en banc). And on February 21, 1995, the Supreme Court denied Clark's petition for writ of certiorari. *See Clark v. Texas*, 115 S. Ct. 1114 (1995).

3

Clark then filed an application for state habeas relief. The same judge who had presided over Clark's criminal trial entered findings of fact and conclusions of law recommending denial of Clark's state habeas petition. On June 10, 1998, the Texas Court of Criminal Appeals adopted the trial judge's findings of fact and conclusions of law and denied Clark's application for state habeas corpus relief. Clark then filed his petition for habeas corpus relief in federal district court. The Texas Attorney General answered Clark's federal petition and moved for summary judgment. On August 25, 1998, the district court granted the motion for summary judgment and dismissed Clark's petition for writ of habeas corpus with prejudice. On September 25, 1998, the district court denied Clark's request for a COA on each of the issues raised herein.

## III. DISCUSSION

Clark seeks a COA from this Court on each of the following issues: (1) whether summary judgment is an appropriate mechanism for the disposition of petitions for habeas corpus relief filed pursuant to 28 U.S.C. § 2254; (2) whether Clark was afforded an adequate opportunity to develop the factual basis underlying his claims for relief, i.e. whether he was entitled to discovery and an evidentiary hearing before summary judgment would have been appropriate; (3) whether the district court erred in deferring to state court findings regarding his claims A, B, C, E, and F, because he had not been afforded the opportunity to develop the

4

underlying factual basis for those claims at an evidentiary hearing; (4) whether the district court erred in failing to grant a continuance so as to permit Clark to develop the underlying factual basis of his claims; (5) whether the district court erred in denying Clark the appointment of an expert in forensic pathology to help develop his claims; (6) whether the district court erred in deferring to as reasonable the state habeas court's findings regarding his claims that a juror failed to disclose the extent of her relationship with the prosecutor thus violating his due process rights; and (7) whether the trial court's failure to define "mitigating evidence" in the punishment charge to the jury unconstitutionally denied Clark an appropriate vehicle for consideration of such evidence.

Clark's petition for writ of habeas corpus was filed on June 22, 1998, and is thus governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See **Lindh v. Murphy***, 117 S. Ct. 2059, 2068 (1997); ***United States v. Carter***, 117 F.3d 262 (5th Cir. 1997). Under AEDPA, before an appeal from the dismissal or denial of a § 2254 habeas petition can proceed, the petitioner must first obtain a COA, which will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We have held that a petitioner makes a "substantial showing" when he demonstrates that his petition involves issues which are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to

5

proceed further.  *See* **Drinkard v. Johnson**, 97 F.3d 751, 755 (5th

Cir. 1996) overruled in part on other grounds, **Lindh**, 117 S. Ct.

2059 (1997).  The same standards which governed issuance of the

pre-AEDPA version of the COA, the certificate of probable cause

("CPC"), apply to requests for a COA.  *See* *id.* at 756.

The post-AEDPA version of 28 U.S.C. § 2254(d) provides as

follows:

> (d) An application for a writ of habeas
> corpus on behalf of a person in custody
> pursuant to the judgment of a State court
> shall not be granted with respect to any claim
> that was adjudicated on the merits in State
> court proceedings unless the adjudication of
> the claim—
>
> (1)  resulted in a decision that was contrary
> to, or involved an unreasonable application
> of, clearly established Federal law, as
> determined by the Supreme Court of the United
> States;  or
>
> (2)  resulted in a decision that was based on
> an unreasonable determination of the facts in
> light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).  We review pure questions of law under the

"contrary to" standard of subsection (d)(1), mixed question of law

and fact under the "unreasonable application" standard of

subsection (d)(1), and pure questions of fact under the

"unreasonable determination of facts" standard of subsection

(d)(2).  *See* **Lamb v. Johnson**, 179 F.3d 352, 356 (5th Cir. 1999)

(citing **Drinkard**, 97 F.3d at 767-69), *cert. denied*, 1999 WL 754407

(U.S. Nov. 15, 1999) (No. 99-6272).

An application of law to facts will not be deemed

unreasonable, unless reasonable jurists "would be of one view that

6

the state court ruling was incorrect." *Drinkard*, 97 F.3d at 769. And under this standard, we will grant habeas relief "only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists." *Id.* Additionally, under § 2254(e)(1), a state court's determination of a factual issue must be presumed correct, and the habeas petitioner bears the burden of rebutting the presumption by clear and convincing evidence. The presumption is especially strong when the state habeas court and the trial court are one in the same. *See Amos v. Scott*, 61 F.3d 333, 347 (5th Cir. 1995); *James v. Collins*, 987 F.2d 1116, 1122 (5th Cir. 1993) (citing *Buxton v. Lynaugh*, 879 F.2d 140, 146 (5th Cir. 1989)).

And while the nature of the penalty in a capital case is an appropriate consideration for determining whether to issue a COA, the severity of the penalty at issue does not, in and of itself, *require* the issuance of a COA. *See Lamb*, 179 F.3d at 356. However, in capital cases, doubts as to whether a COA should issue must be resolved in favor of the petitioner. *See id.; see also Buxton v. Collins*, 925 F.2d 816, 819 (5th Cir. 1991). Bearing the foregoing principles in mind, we turn to consider those issues raised by Clark in his request for a COA.

### A.

Clark first contends that he is entitled to a COA on the basis that summary judgment is not contemplated by 28 U.S.C. § 2254 or the Rules Governing § 2254 Cases. He contends that the Texas

7

Attorney General cited no cases, statutes, or rules in the original motion for summary judgment which hold that summary judgment is appropriate in § 2254 cases. Yet in his own briefings, Clark cites no authority for the opposite proposition.

As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases. *See* Rule 11 of the Rules Governing § 2254 Cases; Fed. R. Civ. P. 81(a)(2). We have previously recognized the appropriateness of summary judgment in habeas corpus proceedings. *See e.g., Barnes v. Johnson*, 160 F.3d 218, 222 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1768 (1999); *Harris v. Johnson*, 81 F.3d 535, 539 (5th Cir. 1996) (both applying summary judgment standard in a § 2254 case). And nothing in Clark's briefing convinces us that summary judgment is not otherwise appropriate in habeas corpus cases filed pursuant to 28 U.S.C. § 2254. We find that this issue would not be debatable among jurists of reason, and Clark has thus failed to make a substantial showing of the denial of a constitutional right. Accordingly, we deny Clark's request for a COA on this issue.

B.

Clark's second, third, and fourth issues are related, and revolve around the district court's alleged error in refusing to allow Clark discovery, an evidentiary hearing, and a continuance, all of which he requested in an effort to investigate and develop the underlying factual basis of his claims, specifically, his

8

claims related to a juror's alleged failure to fully disclose the extent of a personal relationship with the prosecutor and the State's alleged use of testimony from a subsequently discredited pathologist. He contends that his claims required extensive investigation because the pertinent facts are "usually hidden," and that he would have needed a few more months to "continue to develop a claim." According to Clark, summary judgment was inappropriate in the face of his undeveloped claims.

With regard to discovery, an evidentiary hearing, and a continuance for more time to conduct an investigation of his claims, Clark exhausted all of the funds provided by the state court for investigation, and his request for additional funds was denied. He again requested discovery, an evidentiary hearing, a continuance, and the appointment of a pathologist expert in his federal habeas case in order to develop his juror bias and discredited pathologist claims. His requests were denied by the district court.

Under AEDPA, a habeas petitioner's entitlement to an evidentiary hearing when he has failed to develop the factual basis of a claim is restricted to the narrow exceptions of 28 U.S.C. § 2254(e)(2), which provides:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A) the claim relies on--
>   (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

9

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). These exceptions apply only where the failure to develop the factual basis is directly attributable to a decision or omission of the petitioner. *See* **McDonald v. Johnson**, 139 F.3d 1056, 1059 (5th Cir. 1998).

Relying on **McDonald**, Clark argues that § 2254(e)(2) does not apply to preclude an evidentiary hearing here because the failure to fully develop the record below is not attributable to any fault of his own, but rather to the state court's failure to permit him additional discovery. While we agree that § 2254(e)(2) does not apply to Clark's situation, as we stated in **McDonald**, overcoming the preclusive effect of § 2254(e)(2) does not *guarantee* an evidentiary hearing, it only opens the door for one. *See* **McDonald**, 139 F.3d at 1059-60. Pursuant to Rule 8 of the Rules Governing § 2254 Cases, the district court retains discretion over the decision to grant an evidentiary hearing once a petitioner overcomes the barriers presented by § 2254(e)(2). *See* **id.** at 1060. The district court's decision to deny Clark's request for an evidentiary hearing will thus be reviewed by us on appeal for an abuse of discretion. *See* **id.** Likewise, the district court's decision regarding the availability of discovery is also committed to the sound discretion of the district court, and is reviewed

10

under the abuse of discretion standard.  *See* Rule 6(a) of the Rules Governing § 2254 Cases; ***Campbell v. Blodgett***, 982 F.2d 1356 (9th Cir. 1993).  Our pre-AEDPA jurisprudence is instructive in evaluating whether the district court's denial of discovery and an evidentiary hearing was an abuse of discretion.

Prior to the enactment of AEDPA, we consistently held that when there is a factual dispute which "'if resolved in the petitioner's favor, would entitle [the petitioner] to relief and the state has not afforded the petitioner a full and fair hearing,' a federal habeas corpus petitioner is entitled to discovery and an evidentiary hearing."  ***Perillo v. Johnson***, 79 F.3d 441, 444 (5th Cir. 1996) (quoting ***Ward v. Whitley***, 21 F.3d 1355, 1367 (5th Cir. 1994); *see also* ***Moawad v. Anderson***, 143 F.3d 942, 947-48 (5th Cir.), *cert. denied*, 119 S. Ct. 383 (1998).  To find an abuse of discretion which would entitle Clark to discovery and an evidentiary hearing to prove his contentions, we would necessarily have to find that the state did not provide him with a full and fair hearing and we must be convinced that if proven true, his allegations would entitle him to relief.  *See* ***Moawad***, 143 F.3d at 948.

With respect to whether Clark was afforded a full and fair hearing by the state court, Clark contends that he requested additional funds (once he exhausted those provided by the state court) and an evidentiary hearing to develop the record, but that the state court denied his requests.  The state court then denied his request for state habeas relief based upon the pleadings and

11

affidavits which had been submitted and without holding a live evidentiary hearing, i.e. Clark was given only a "paper hearing." *See **Perillo***, 79 F.3d at 446 n.7.

A full and fair hearing does not necessarily require live testimony. Indeed, we have repeatedly found that a paper hearing is sufficient to afford a petitioner a full and fair hearing on the factual issues underlying the petitioner's claims, especially where, as here, the trial court and the state habeas court were one in the same. *See **id***. at 446-47 (listing cases where the presumption of correctness, which attached to factual determinations made after a full and fair hearing under the pre-AEDPA version of § 2254(d), was established with only a paper hearing before the same state judge who presided over the criminal trial). We conclude that the state habeas court, after first presiding over Clark's criminal trial, after providing Clark with state-funded exploration of his claims, though not to the extent Clark may have liked, and after considering the pleadings and affidavits before it, provided Clark with a full and fair hearing.

In evaluating whether the district court abused its discretion in denying Clark discovery and an evidentiary hearing, we next consider whether there is a factual dispute which, if resolved in Clark's favor, would entitle him to relief. Based upon our review of the record, including all of the affidavits submitted by Clark in support of his petition, we find that Clark has alleged no fact which if proved, would entitle him to relief on his habeas claims.

Clark's allegations with respect to the State's testifying

12

pathologist, Dr. Erdmann, do not involve specifics. Rather, Clark contends that "many problems [were] discovered in autopsies conducted by Dr. Erdmann." Clark presented no specific evidence of misconduct in the performance of the victim's autopsy in this case. In his request for the appointment of an expert forensic pathologist, Clark did advise the district court that a Dr. Glen Groben, after reviewing Dr. Erdmann's testimony, initially opined that Dr. Erdmann's procedures and conclusions may be false or misleading. However, the cited passages of Dr. Groben's initial opinion reference only differences of opinion and allegations of the lack of other physical evidence to support Dr. Erdmann's conclusions as to the sequence of the victim's injuries. No specific errors are cited. We previously examined a nearly identical allegation involving the same Dr. Erdmann in *Boyle v. Johnson*, 93 F.3d 180 (5th Cir. 1996), *cert. denied,* 117 S. Ct. 968 (1997). In *Boyle*, the petitioner presented evidence by other experts who disagreed with Dr. Erdmann's conclusions, but since Erdmann's testimony was consistent with the overwhelming physical evidence, we found that the presumption of correctness owed to the state habeas court's findings, which findings rejected the claim that Erdmann testified falsely or mislead the jury, had not been overcome. *See Boyle*, 93 F.3d at 186-87.

Here as well, the overwhelming evidence, including Clark's unassailed confession, comports with Dr. Erdmann's conclusions as to the sequence and extent of the victim's injuries, the sexual assault, and the cause of death. Indeed, the record clearly

13

reveals that even without Dr. Erdmann's testimony, each of his conclusions had been independently established by other evidence and testimony.  Furthermore, while Clark refers to evidence that Dr. Erdmann was accused of misconduct in other cases, he has presented no evidence that Dr. Erdmann did so in this case.  Simply put, Clark has failed to present clear and convincing evidence sufficient to rebut the presumption of correctness to which the state habeas court's factual findings are entitled, and he has failed to establish that even if resolved in his favor, the factual dispute as to Dr. Erdmann's credibility would entitle him to relief.

With respect to Clark's claims that a juror failed to disclose the extent of her relationship with the prosecutor, Clark claims the facts underlying this claim are hidden and that he needed both time and more resources to complete his investigation and to develop a claim.  His request is tantamount to a request for an impermissible fishing expedition.  *See Perillo*, 79 F.3d at 444 (noting that Rule 6 of the Rules Governing § 2254 Cases "'does not authorize fishing expeditions.'") (quoting *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)).  Discovery must relate solely to a specifically alleged factual dispute, not to a general allegation. *See Ward*, 21 F.3d at 1367*.*

In its order granting summary judgment and dismissing Clark's petition, the district court noted that Clark has failed to demonstrate by "clear and convincing" evidence that the state court's dispositive factual findings regarding his juror disclosure

14

claims are incorrect, and based upon our own review of the record, we agree. Clark is not entitled to relief as these claims were adequately developed below, and as the district court noted, he has failed to demonstrate anything more than was disclosed at voir dire. He seeks merely to cast a line in the hopes of hooking additional evidence which might support his claims, and has not sought discovery or an evidentiary hearing with respect to a specific factual allegation which would entitle him to relief. The discovery provisions of Rule 6 do not contemplate the type of fishing trip on which Clark seeks to embark.

Related to his alleged need to more fully develop his claims prior to the entry of summary judgment, Clark lastly contends that the district court erred in denying his request for a continuance of the habeas proceedings in order to afford him more time to develop the factual basis of his juror and pathologist claims. A district court's denial of a motion to continue in habeas cases is governed by the abuse of discretion standard. *See* **Spinkellink v. Wainwright**, 578 F.2d 582, 590-91 n.11 (5th Cir. 1978) (citing **United States v. Mendoza**, 574 F.2d 1373 (5th Cir. 1978)). For the reasons discussed above, we find that Clark was not entitled to any additional discovery or an evidentiary hearing, and thus he was likewise not entitled to additional time to develop those claims which the district court determined had already been adequately developed.

In sum, because Clark was provided a full and fair hearing by the state court on his claims, and because there is no factual

15

dispute which if proven true, would entitle Clark to relief, we find that he was not entitled to, and the district court did not abuse its discretion in denying him additional discovery, a continuance, or an evidentiary hearing. The issues had been sufficiently developed below such that the district court was able to decide as a matter of law whether, when construing all of the facts, both developed and allegedly undeveloped, in a light most favorable to Clark, he was not entitled to habeas relief. Accordingly, the district court did not err in deferring to factual determinations of the state court and summary judgment was appropriately entered. We thus find that Clark has failed to demonstrate that his petition involves issues which are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further, and accordingly we deny a COA on Clark's second, third, and fourth issues.

## C.

In his fifth issue, Clark contends that he is entitled to a COA on the basis of the district court's failure to grant his motion for the assistance of an expert in forensic pathology. As with his requests for additional discovery and an evidentiary hearing, the basis for Clark's request for the assistance of an expert in forensic pathology was to help him develop his claim that Dr. Erdmann, the state's pathologist, may have testified falsely at his trial.

16

Clark's request for expert assistance was filed pursuant to 21 U.S.C. §§ 848(q)(4)(B) and (q)(9).[1]  The most pertinent provisions of § 848(q) provide as follows:

> (9)  Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under paragraph (10).

21 U.S.C. § 848(q)(9).  Claimants under this section "need only show indigence and that the services requested are 'reasonably necessary.'"  *Fuller*, 114 F.3d at 502.

That Clark was indigent is without dispute.  However, because we find that Clark has failed to establish that he had a substantial need for the assistance of an expert forensic pathologist under the statute, he was not denied a constitutional right that would require the issuance of a COA.  As discussed above, the state trial court, in reviewing Clark's state habeas petition made specific findings which rejected Clark's contention that Dr. Erdmann perjured himself in Clark's case.  Those factual findings are entitled to a presumption of correctness, especially whereas here the trial judge and state habeas judge were the same.  *See Boyle*, 93 F.3d at 186.  And Clark has failed to present clear and convincing evidence sufficient to overcome the presumption of

---

[1]  We note that while a COA is required for habeas appeals, there is no such requirement for appeals brought under § 848(q)(4)(B).  *See Fuller v. Johnson*, 114 F.3d 491, 501 n.4 (5th Cir.), *cert. denied*, 118 S. Ct. 399 (1997).

17

correctness to which those state court factual findings are entitled.

We note again, as the district court did, that the state presented a great deal of other evidence, including Clark's two confessions, all of which overwhelmingly established Clark's involvement, the nature and extent of the victim's injuries, the sexual assault, and the cause of death, as well as those conclusions to which Dr. Erdmann testified. Indeed, the record clearly reveals that even without Dr. Erdmann's testimony, each of his conclusions had been independently established by other evidence and testimony, and that irrespective of this fact, his testimony was consistent with the physical evidence which the state presented. As a result, we cannot conclude that the assistance of an expert in forensic pathology was substantially necessary since, in light of the strength of the case presented against Clark, impeachment of Dr. Erdmann's credibility would have been futile. The district court did not abuse its discretion in failing to grant Clark's request for the assistance of an expert forensic pathologist, and because he has failed to make a substantial showing of the denial of a constitutional right, we deny Clark's request for a COA on this issue.

D.

In his sixth issue, Clark argues that he is entitled to a COA because the district court erred in deferring to as not being unreasonable those state habeas court fact findings used to defeat

his claims that a juror failed to disclose the extent of her relationship with the prosecutor thus violating his due process rights. Clark contended that venire member, Sondra Kay Jones, failed to disclose the extent of her "close relationship" with the district attorney and that he was consequently denied the right to be tried by an impartial jury. For primarily the same reasons given by the district court, and based upon our own review of the record, we find that Clark has not made a substantial showing of the denial of a constitutional right on this issue. The same evidence which Clark presented to the district court was presented to the state habeas court, which as we have noted above, was the same court which conducted Clark's criminal trial. Therefore, the state habeas court's factual findings are entitled to a presumption of correctness, and Clark has failed to rebut the presumption of correctness with "clear and convincing" evidence that such factual findings are incorrect. The evidence presented established nothing more than that Ms. Jones had a strictly professional working relationship with the district attorney.

Furthermore, under AEDPA, the state court's adjudication of this issue is dispositive unless it involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented. Based on Clark's failure to put forth anything more than what was disclosed during voir dire and based upon the affidavits and proffers presented to it, the state court's factual determination that Ms. Jones answered truthfully regarding the

19

extent of her relationship with the district attorney, as well as its conclusion that there was no constitutional violation, were both reasonable and without error. Clark has failed to demonstrate that this issue would be debatable among jurists of reason, that another court could resolve the issue differently, or that the issue is suitable enough to deserve encouragement to proceed further. We therefore deny Clark's request for a COA on this issue.

### E.

In his final issue, Clark argues that he is entitled to a COA because the trial court's punishment phase jury instruction failed to define mitigating evidence in violation of the Eighth Amendment and the due process clause of the Constitution. Clark contends that the jury instruction given at the punishment phase of his trial was devoid of a proper definition of mitigating evidence and failed to focus the jury on his personal and moral culpability or blameworthiness.

The jury in this case was instructed as follows:

> When you deliberate about the questions posed in the Special Issues, you must consider any mitigating circumstances raised by the evidence present in both phases of the trial. You are instructed that any evidence which, in your opinion, mitigates against the imposition of the death penalty, may cause you to have a reasonable doubt as to whether or not the death penalty should be imposed in this case. Even if you find and believe beyond a reasonable doubt that the conduct of the defendant which caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of

20

the deceased, [the named decedent], would result; and even if you find and believe beyond a reasonable doubt that there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society; if you have a reasonable doubt based upon the mitigating evidence that has been presented in this case as to whether the death penalty should be imposed in this case, then you will answer the Special Issues propounded to you herein "No."

We find that Clark has failed to make a substantial showing of the denial of a constitutional right with respect to this issue. The district court noted that the relevant question with respect to this issue is whether there was a reasonable likelihood the jury interpreted the given instruction as precluding their consideration of constitutionally relevant mitigating evidence. *See* **Johnson v. Texas**, 509 U.S. 350, 367 (1993). The district court concluded, and we agree that the jury was in no way hindered or limited in their consideration of mitigating evidence. The decisions of the state courts, both on direct criminal appeal and on state habeas review, denying relief on this ground were neither contrary to clearly established Supreme Court precedent nor based on an unreasonable application thereof, and are thus dispositive of the issue. Here again, Clark has failed to demonstrate that this issue would be debatable among jurists of reason, that another court could resolve the issue differently, or that the issue is suitable enough to deserve encouragement to proceed further, and accordingly we deny a COA on this issue as well.

IV.   CONCLUSION

21

Having carefully reviewed the record, we conclude that Clark has failed to make a substantial showing of the denial of a constitutional right with respect to any of the issues raised in his request for COA, and accordingly we DENY his request for COA on all issues raised therein.