**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-10305
_____


DAVID LEE GOFF,

Petitioner-Appellant,


versus


GARY L. JOHNSON, Director, Texas Department
of Criminal Justice, Institutional Division,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Texas
(4:98-CV-563-A)
_____

September 8, 2000


Before JOLLY, SMITH, and WIENER, Circuit Judges.

WIENER, Circuit Judge[*]:

Petitioner-Appellant David Lee Goff appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas relief. Because he filed his federal habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

("AEDPA"),[1] we first must issue a certificate of appealability ("COA") before Goff may appeal his denial of federal habeas relief.[2] Concluding that Goff has not made a substantial showing of the denial of a constitutional right, we deny his application for a COA.

## I.

## FACTS AND PROCEEDINGS

In November 1991, Goff was convicted and sentenced to die for the kidnapping, robbery and murder of Michael McGuire in Fort Worth, Texas. His accomplice testified that Goff killed McGuire, who had given the pair a ride in his van, with a single gunshot to the head and had dumped McGuire's body in a wooded field.

Goff's conviction was affirmed by the Texas Court of Criminal Appeals on automatic appeal.[3] His state application for a writ of habeas corpus was denied by the Court of Criminal Appeals, and the district court ruled against Goff, denying his federal habeas corpus application and declining to issue a COA. This appeal followed.

## II

## ANALYSIS

---

[1] Goff filed his petition for habeas corpus in federal court on September 4, 1998. The AEDPA became effective on April 24, 1996.

[2] See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 120 S. Ct. 1595, 1600 (2000).

[3] Goff v. State, 931 S.W.2d 537 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1171 (1997).

A.  COA Standard

A COA may be issued only if the state prisoner has made a substantial showing of the denial of a constitutional right.[4]  To make such a showing, the prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[5]  In deciding whether to issue a COA, we review Goff's arguments under the deferential scheme the AEDPA established in 28 U.S.C. § 2254(d),[6] which mandates that we must defer to the state court's adjudication on the merits of a claim unless its decision "was contrary to, or involved an unreasonable application of, clearly established Federal law."[7]  The first prong of this disjunctive test is met "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable

---

[4]See 28 U.S.C. § 2253(c)(2).

[5]Slack, 120 S. Ct. at 1603-04 (internal quotation marks omitted); see also Barrientes v. Johnson, 2000 WL 1099389, at *27 (5th Cir. 2000).

[6]See Barrientes, 2000 WL 1099389, at *27.  We review pure questions of law and mixed questions of law and fact under § 2254(d)(1), and review questions of fact under § 2254(d)(2), provided that the state court adjudicated the claim on the merits.

[7]28 U.S.C. § 2254(d)(1).

facts."[8]  The second prong is met "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[9]  Because this case involves the death penalty, any doubts as to whether a COA should issue must be resolved in Goff's favor.[10]

State court determinations of factual issues are presumed to be correct, a presumption an applicant must rebut by clear and convincing evidence.[11]  A writ will not issue unless the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[12] Not every factual determination of a state court issue that the prisoner is able to rebut by clear and convincing evidence is "unreasonable."[13]  As we conclude that Goff has failed to rebut any challenged State court finding, however, we never reach the question of unreasonableness.

B.  Claims of Error

On appeal, Goff advances eight issues to which he assigns

---

[8]Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000).

[9]Id.

[10]See Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000), petition for cert. filed (U.S. Apr. 25, 2000) (No. 99-9327).

[11]See 28 U.S.C. § 2254(e)(1).

[12]28 U.S.C. § 2254(d)(2).

[13]See Williams v. Taylor, 120 S. Ct. 1495 (2000).

4

error.  We will apply the COA standard to each in turn.

1.  Due process/ineffective assistance.

Goff asserts that he was denied due process of law and the right to effective assistance of counsel when the trial court failed to allow him to present evidence at either the guilt or punishment phases that his victim allegedly was homosexual.  This claim fails, as it has in each instance that Goff has asserted it, because the victim's sexual preference simply was irrelevant to his murder or to Goff's punishment.  The Texas Court of Criminal Appeals found that "appellant has failed to show any connection between the victim's homosexuality and the crime.  Further, there is no evidence that appellant was even aware prior to trial that the victim had any homosexual tendencies."[14]  The victim's sexual orientation was similarly irrelevant as mitigation evidence, which is admissible only if it is "relevant to appellant's background, character, or the circumstances of the crime."[15]  Goff's argument is that he should have been allowed to let the jury know that his victim was homosexual because that information might have evoked enough jury sympathy for it to impose a less severe punishment.  This argument has no cognizable basis in constitutional law and is thus no ground for reviewing the findings of the state courts or the district court on this point.

---

[14]Goff, 931 S.W.2d at 554.

[15]Id. at 556.

5

2. Prosecution comment on defendant's failure to testify.

Goff argues that he received ineffective assistance of counsel because his attorneys failed properly to perfect an objection to the prosecution's alleged comment on Goff's failure to testify. Contrary to Goff's assertion, the attorney did object timely to the prosecutor's comment, so this claim does not constitute constitutionally ineffective assistance.

The following portion of the prosecution's closing argument at the punishment stage is the source of Goff's complaint:

> PROSECUTOR: But you know the most devastating testimony, maybe the most devastating next to Ms. Tucker's testimony, was when Dr. Finn gets up here and tells you that there is no brain defect, there is no disorder on which to place the blame for the bloody, vile crime that David Lee Goff has committed again and again, that his mind works just like ours, that he knows how to think, he knows how to act on those thoughts, he is aware of his consequences.
>      Weren't you hoping to hear something to explain this, something to tell you, well, there is something wrong with him, he's sick somehow? That is why he can do these crimes. And we can't even explain why he commits, but there wasn't any. There is nothing wrong, but he was abused. He was an abused child. You don't get the evidence directly. This time it gets filtered through the –
>
> DEFENSE COUNSEL: Objection, Your Honor.
>
> THE COURT: Just –
>
> DEFENSE COUNSEL: Objection, Your Honor. That is an impermissible comment on the Defendant's failure to testify, and I object.
>
> THE COURT: Overruled.
>
> PROSECUTOR: Don't get those directly. They are filtered through the Defendant's witnesses. You could tell through the Cross when asked was there any direct

statements in there about this happening to David or that happening to David, no.

The Texas Court of Criminal Appeals found that the prosecutor's argument was a summation of the evidence rather than a comment on the defendant's failure to testify.[16] Support for this conclusion includes a defense psychologist's testimony that reports filed during Goff's childhood centered on the sexual abuse of his sister and did not refer to any direct abuse of Goff; his own denial to the psychologist that he had been abused; and the fact that no official reports confirmed testimony of abuse from Goff's grandmother and sister. As the court's findings were not incorrect, Goff's second claim is not cognizable as constitutionally ineffective assistance.

3. "<u>Penry</u>[17] nullification" charge.

Goff claims constitutional error in the "<u>Penry</u> nullification" charge given to his sentencing jury. He objects to the following part of the court's instruction, particularly the final sentence:

> During your deliberations and in answering the Special Issues presented to you, you shall consider any mitigating circumstances presented by either party that was admitted for your consideration in either phase of the trial. A mitigating ... circumstance may be any aspect of the Defendant's character or background or the circumstances of the offense for which you have found the Defendant guilty which you believe makes a sentence of life more appropriate.
> If any juror finds that there is a mitigating circumstance, that juror must decide on how much weight

---

[16]<u>Id.</u> at 548.

[17]<u>Penry v. Lynaugh</u>, 492 U.S. 302 (1989).

7

it deserves and give it the effect the juror believes to
be appropriate when the juror answers the Special Issues.
If any juror decides, in consideration of this ...
evidence that a sentence of life rather than a death
sentence is more appropriate, that juror is instructed,
then, to answer either Special Issue or both Special
Issues no.

We repeatedly have approved similarly worded instructions.[18]  Goff

is denied COA on this issue.[19]

 4.  Admission of void conviction.

Goff contends that he was denied due process of law by the

admission of evidence, during the punishment phase of his trial,

concerning his two prior convictions for attempted capital murder.

The Texas Court of Criminal Appeals assumed arguendo that Goff is

correct in maintaining that he did not validly waive an examining

trial before pleading guilty to the two offenses, which occurred

when Goff was 15 years old.  If proved, this impropriety presumably

would leave the State unable to show that the waivers were

voluntary, in turn voiding the convictions and making their

introduction at trial error.

Nonetheless, the Texas Court of Criminal Appeals found that

---

[18]See Penry v. Johnson, 215 F.3d 504, 508 (5th Cir. 2000);
Miller v. Johnson, 200 F.3d 274, 289-90 (5th Cir. 2000); Emery v.
Johnson, 139 F.3d 191, 200 (5th Cir. 1997), cert. denied, 525 U.S.
969 (1998).

[19]Because Goff did not object to the instruction on these
specific grounds at trial, this claim not only is meritless but is
procedurally barred from habeas review.  See Amos v. Scott, 61 F.3d
333, 345 (1995), cert. denied, 516 U.S. 1005 (1995) (holding Texas
contemporaneous objection rule an independent and adequate
state-law procedural ground sufficient to bar federal court habeas
review of federal claims).

8

Goff was not harmed by the admission of the convictions,[20] and we do not find that conclusion to be incorrect. In addition to the evidence of the two convictions, the State called as witnesses the victims of the two attempted capital murders, each of whom testified to having been shot when three youths attempted to steal the witness's vehicle – crimes quite similar to the one for which the jury was preparing to sentence Goff. Although the victims did not identify Goff in court, their testimony dovetailed with Goff's confessions to the two crimes, which also were introduced. Given the linking of Goff's confession to the precise crimes about which the victims testified in unimpeachable detail, evidence of his convictions was surplusage as harmless error: The State was merely demonstrating that he had previously done acts much like those that produced the instant homicide, not as an enhancement for being a career criminal or multiple offender. As the Texas Court of Criminal Appeals did not err when it found that this evidence rendered admission of the allegedly void convictions harmless beyond a reasonable doubt, we deny Goff's request for COA on this point.

5. Grant of State's challenge for cause.

Goff next claims that the trial court erred in granting the State's challenge for cause to a potential juror who he insists was not disqualified as a matter of law. The court sustained the

---

[20]See Goff, 931 S.W.2d at 553.

prosecution's challenge after the potential juror stated that she could not find that a defendant would be a continuing danger, i.e., she could not answer "yes" to Special Issue No. 2 on future dangerousness, based solely on the facts of the offense at bar. When Goff was tried in 1991, the law of Texas subjected veniremen to disqualification from a death penalty case for giving such an answer,[21] albeit that the law was reversed in 1993.[22]

Our evaluation of this claim foreclosed Goff's failure to object to the potential juror's dismissal at trial, thus failing to preserve error. As discussed earlier, we have determined the Texas contemporaneous objection rule to be an independent and adequate basis for the denial of federal habeas review. Goff's failure to object precludes his pursuing federal habeas relief unless he can show cause for the default and prejudice from it, or the threat of a fundamental miscarriage of justice.[23] As Goff has not shown that he was deprived of a trial by a fair and impartial jury, we deny COA on this issue.[24]

6. Misleading a venireman on state law during voir dire.

Goff claims that, during voir dire, the trial court allowed

---

[21]See Marras v. State, 741 S.W.2d 395 (Tex. Crim. App. 1987).

[22]See Garrett v. State, 851 S.W.2d 853 (Tex. Crim. App. 1993) (en banc); see also Wainwright v. Witt, 469 U.S. 412 (1985); Adams v. Texas, 448 U.S. 38 (1980).

[23]See Amos, 61 F.3d at 339.

[24]See Brecht v. Abrahamsom, 507 U.S. 619, 637 (1993).

10

the prosecution to mislead a potential juror on the law – specifically, that a juror need not "see a distinct difference" between the intentional conduct required for a murder conviction and the deliberate conduct required to support an affirmative answer to Special Issue No. 1 at punishment.

The Court of Criminal Appeals ruled that the prosecutor's comment was not a misstatement of Texas law: "The law only requires that venirepersons find a difference between the two terms and be able to base their answers on the evidence presented."[25] The court also noted that the State explained the difference between the two words at length, and that the potential juror stated repeatedly throughout her voir dire that she found a difference between them.[26] The Court of Criminal Appeals' decision was not contrary to, or an unreasonable application of, clearly established federal law, so we deny his request for COA on this issue.

7. Limit to questioning venire on mitigating evidence.

Next, Goff argues that he was denied due process of law by the trial court's refusal to allow him to question the venire regarding mitigating evidence. In particular, Goff protests that the court improperly sustained the State's objection to two questions in which Goff asked one venireman whether mitigation evidence could

---

[25]Goff, 931 S.W.2d at 548 (emphasis added).

[26]Id. at 548-49.

11

rise to a level that would make the death penalty inappropriate.[27] This, Goff argues, stymied his informed use of his peremptory challenges.

The Texas Court of Criminal Appeals found that, even assuming that the questions should have been allowed, Goff was not harmed because the court permitted him to inquire whether the prospective juror could give fair consideration to specific evidence of an abused or troubled childhood, as well as to other types of mitigation evidence, including an offender's religious conversion, age, intoxication or drug abuse, mental illness, or mental retardation.[28] The Court of Criminal Appeals found that Goff's voir dire questioning was not unduly or improperly restricted and did not adversely affect his use of peremptory challenges. We discern no constitutional error in those findings and deny COA.[29]

8. Denial of evidentiary hearing.

In his final issue, Goff seeks an evidentiary hearing, which was denied by the district court, to develop alibi and ineffective assistance of counsel claims. We review the district court's decision for abuse of discretion,[30] and find none.

---

[27]Goff also makes a similar claim regarding another prospective juror whom he successfully challenged for cause.

[28]See Goff, 931 S.W.2d at 546-47.

[29]See Mu'Min v. Virginia, 500 U.S. 415 (1991) (due process does not require particular voir dire questions, only fundamentally fair trial); Ross v. Oklahoma, 487 U.S. 81 (1988).

[30]See Barrientes, 2000 WL 1099389, at *25.

12

The district court concluded that Goff had not alleged any facts which, if proved true, would entitle him to relief; neither had he shown cause and actual prejudice nor a fundamental miscarriage of justice. The court further noted that Goff makes no "specific, affirmative showing of what the missing evidence or testimony would have been," but instead forwards only "bald assertions, unsupported and unsupportable by anything else in the record."

In his appellate brief, Goff explains that he requested an evidentiary hearing "so that he might subpoena in the attorneys, his reluctant witnesses to his alibi, and his investigator to show that there was no adequate, independent investigation of the facts as sought to be proved by Appellant Goff." Although his brief does not describe in detail the precise information he would seek to elicit through an evidentiary hearing, Goff's previous claims of ineffective assistance and failure to investigate generally have revolved around two subjects. The first is Goff's cousin, Robert Lee Cary, Jr., who was contacted by the defense investigator during the punishment phase of Goff's trial. Cary subsequently testified before Goff's trial court at a hearing on a motion for new trial that, contrary to Goff's juvenile confessions, Cary – not Goff – had shot both victims in the two earlier attempted capital murders. At the same hearing, however, one of Goff's trial attorneys testified that during the punishment phase counsel were aware of Cary's claims, and went on to explain the tactical reasons for

13

counsels' choosing not to put Cary on the stand.

Under Strickland v. Washington,[31] Goff can prevail on an ineffective assistance of counsel claim only if he can show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Here, Goff's trial counsel were aware of Cary's claims, but for several reasons made a strategic decision not to present that evidence to the jury. The state trial court found that Goff's counsel made a reasonable investigation of his case, and that the decision not to call Cary as a witness was a matter of trial strategy, to which considerable deference is owed. Thus, Goff has not met the first prong of the disjunctive Strickland test nor shown how he would do so were we to grant him an evidentiary hearing. As Goff fails the initial prong, we need not address prejudice.

The second subject Goff has sought to develop in support of his request for an evidentiary hearing is his alleged alibi witnesses for the night of McGuire's murder. In his first federal habeas petition, Goff named Derrick Legan as an alibi witness. Goff asserted both that Legan "was not interviewed or called as an alibi witness" at trial and that defense counsel told Goff he had talked with and investigated all witnesses.

---

[31]466 U.S. 668 (1984).

As this claim is made for the first time on federal habeas appeal, it is evaluated under 28 U.S.C. § 2254(e)(2), which directs that:

> (2)  If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
> (A)  the claim relies on –
> . . .
> (ii)  a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Goff does not show that his alibi witnesses could not have been discovered previously through due diligence.  Consequently, he is not entitled to an evidentiary hearing on this claim.  We therefore deny COA on this issue as well.

III

CONCLUSION

Goff's request for a COA is, as to all issues presented, DENIED.

S:\OPINIONS\UNPUB\99\99-10305.0

15