UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 00-40366

---

Jeffrey Carlton Doughtie,

Petitioner-Appellant,

v.

Gary Johnson, Director,
Texas Department of Criminal Justice

Respondent-Appellee,

---

Appeal from the United States District Court for the
Southern District of Texas
(98-CV-152)

---

November 14, 2000

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Jeffrey Carlton Doughtie seeks a certificate of appealability (COA) to challenge the district court's denial of his petition for habeas corpus relief from a capital murder conviction and sentence. Finding no error in the district court's ruling on the issues Doughtie raises, we deny COA.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On August 2, 1993 Doughtie entered Golden Antiques, a Corpus Christi shop owned by Sylvia and Jerry Dean, an elderly married couple. Doughtie had worked for the Deans. He requested money for a bus ticket to San Antonio. When Sylvia Dean refused to give it to him, Doughtie grabbed a vase and left the store with it. After walking a few blocks, Doughtie picked up a piece of metal tubing and went back to Golden Antiques. Mrs. Dean told him that she had called the police. Doughtie attacked the Deans and beat them to death with the metal tubing. Doughtie was convicted of the 1993 bludgeoning murders of Jerry and Sylvia Dean by the state court in Nueces, County, Texas. Based on the jury's answers to the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.0711, Doughtie was sentenced to death. Doughtie's convictions and sentence were affirmed on direct appeal by the Texas Court of Criminal Appeals. Doughtie then applied for and was denied a post-conviction writ of habeas corpus at the state level. Having exhausted his state remedies, Doughtie applied for a federal writ of habeas corpus. The federal district court denied relief and refused to issue a COA. Doughtie now seeks a COA from this court.

In order to obtain appellate review of the district court's judgment denying his petition, Doughtie must receive a certificate of appealability ("COA") from this court. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The standard we apply to

2

determine a COA application is whether a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 120 S.Ct. 1595, 1603 (2000). The petitioner need not prove that he should prevail on the merits, but rather he must demonstrate that the issues "are debatable among jurists of reason; . . . a court could resolve the issues in a different manner; or . . . the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Miller v. Johnson, 200 F.3d 274, 280 (5th Cir. 2000), petition for cert. filed, No. 99-9891 (April 3, 2000).

In a capital case, "the severity of the penalty does not in itself suffice to warrant the automatic issuing of a certificate," although the court may properly consider the nature of the penalty in deciding whether to allow an appeal. Barefoot, 463 U.S. at 893; Lamb v. Johnson, 179 F.3d 352, 356 (5th Cir.), cert. denied, 120 S.Ct. 522 (1999). However, "[a]ny doubts as to whether the COA should issue are to be resolved in the petitioner's favor." Penry v. Johnson, 215 F.3d 504 (5th Cir. 2000).

## I. Ineffective Counsel

Doughtie's argument that he was denied effective assistance of counsel at the punishment phase of his trial is based on his lawyer's decision not to introduce certain evidence of

3

Doughtie's remorse and of his voluntary but unsuccessful efforts to gain admittance to an in-patient drug rehabilitation facility prior to the murders. The standard for ineffective assistance of counsel is well-established: Doughtie must prove that (1) his counsel's representation was deficient, and (2) the deficient performance was so serious that it prejudiced his defense. *See* <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1989).

Doughtie had confessed his crimes to a local television reporter, Dave Johnson, during a recorded pre-trial interview from prison. Doughtie also expressed remorse for his crimes during this interview. At the guilt-innocence phase of Doughtie's trial, the State called Mr. Johnson to testify about the portion of the interview in which Doughtie confessed to the murders. In response, Doughtie's lawyer sought to introduce taped portions of the interview in which Doughtie discussed his remorse for the killings and his unsuccessful pre-murder attempt to enter an in-patient drug treatment center. The trial court ruled that these portions of the interview were inadmissible hearsay. Defense counsel did enter a bill of exception concerning these allegedly mitigating statements, but counsel did not attempt to reintroduce this inadmissible hearsay evidence during the punishment stage of the trial.

Doughtie now argues that this failure to attempt to reintroduce the potentially mitigating portions of the Johnson

4

interview at the punishment phase of the trial amounts to constitutionally ineffective assistance of counsel. Doughtie's argument is based on a comment made by Judge Joaquin Villareal, the state trial judge, in ruling that the potentially mitigating excerpts from the TV interview were inadmissible hearsay:

> I think I would allow it if some live person, either your client [Doughtie] or Johnson [the reporter], to come in, but I'm still having a problem with Johnson speaking about remorse and stuff like that. . . . Let me put it this way: Those three lines [the allegedly mitigating portions of the interview], questions and answer on pages two, three, and six, I would allow your client to testify to. Or if you wish to use them for punishment, then Johnson could testify to that. And that's it. That's the ruling as imperfect as it may be.

Trial Record, Guilt or Innocence Phase, Vol. XVI/XXI at 387. From this statement, Doughtie concludes that the interview excerpts in which he expresses remorse were hearsay for the guilt/innocence phase of the trial but admissible as mitigating evidence during the punishment phase. However, when Doughtie's bill of exception was discussed at the punishment stage, Judge Villareal clarified his hearsay ruling regarding this evidence:

> "It was the Court's opinion that everything in the [interview] tape is hearsay. The Court agrees that part of the things included in the tape could be testified to by the defendant [Doughtie] if he ever were to take the stand, but the [contents of the tape alone] are not appropriate because of -- the state would be deprived of cross-examination of the witness."

Trial Record, Punishment phase, Vol. XIX/XXI at 423-24. Thus, Judge Villareal's ultimate ruling on this potentially mitigating interview evidence was that it is inadmissible hearsay.

The accuracy of this ruling is irrelevant for federal habeas purposes, since a state trial court's evidentiary ruling cannot be challenged by federal habeas petition. *See* <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state-law issues."). The federal district court correctly reasoned that Doughtie's federal habeas claim "ignores the fact that the trial court determined that the statements were inadmissable hearsay."

Moreover, a trial counsel's failure to attempt to introduce inadmissible evidence does not rise to the level of constitutionally deficient performance. *See* <u>Robinson v. Johnson</u>, 151 F.3d 256, 260-61 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1578 (1999); <u>Koch v. Puckett</u>, 907 F.2d 524, 527 (5th Cir. 1990) (counsel is not constitutionally required to make futile motions or objections). It would have been futile to attempt to reintroduce evidence that Judge Villareal had already determined to be inadmissible.

Doughtie asserts that his attorney's failure to call him personally to the stand to express his remorse amounted to

6

ineffective assistance of counsel. Doughtie did not raise this issue with the district court and may not raise it for the first time on appeal. Doughtie's Petition for Writ of Habeas Corpus discusses his desire to testify about his efforts to find in-patient drug rehabilitation, but not his desire to testify as to his remorse. In any event, even if Doughtie's counsel was deficient in not calling him to testify about his remorse, Doughtie would still be unable to satisfy the second prong of the <u>Strickland</u> test. Given the brutality of his crimes and his record of committing other violent offenses,[2] a simple statement of remorse would have been unlikely to affect a reasonable jury's decision as to his sentence. Thus, Doughtie suffered no prejudice as a result of his counsel's allegedly deficient performance. *See* <u>Strickland</u>, 466 U.S. at 687.

Doughtie also asserts that his lawyer was deficient in failing to introduce evidence that prior to committing the murders Doughtie wanted to be placed in a "secure, in-patient" facility for drug addicts. Doughtie believes that such evidence would have

---

[2] In addition to the awful facts of the Dean murders themselves, the State presented evidence at the punishment stage of the trial that: 1) Doughtie had received prior convictions for forgery by passing and furnishing a controlled substance to a prisoner; 2)he participated in an armed robbery of Mac's Liquor Store on August 16, 1993 and threatened to kill the clerk; 3)he committed armed robbery at the Golden Sand Dollar store on August 24, 1993 and threatened to kill the cashier; 4) he committed a burglary of a habitation; and 5) Doughtie committed another, unrelated capital murder by a combination of bludgeoning and strangulation.

convinced the jury to reduce his punishment from death to life in prison.

First, the portions of the Dave Johnson interview pertaining to Doughtie's desire for in-patient drug treatment were determined by the state trial court to be inadmissible hearsay. As discussed above, state evidentiary issues are not cognizable during federal habeas review. *See* <u>Estelle</u>, 502 U.S. at 67-68. Counsel is not obliged to make futile efforts to introduce inadmissible evidence. *See* <u>Robinson</u> 151 F.3d at 260-61.

Second, Doughtie's defense counsel was not deficient in not calling Doughtie himself[3] and/or drug counselor Patrick McGrew to testify regarding Doughtie's desire for in-patient drug rehabilitation. It should be pointed out that Doughtie never actually received in-patient drug rehabilitation; rather, he merely expressed a desire to undergo such treatment. Doughtie claims that this mere expression of desire--unaccompanied by any affirmative steps to secure such care--is by itself mitigating evidence sufficient to persuade a reasonable jury to opt for a prison term instead of the death penalty. This argument is tenuous at best, given the brutality of the Dean murders and Doughtie's history of violent crime.

---

[3]     We are bound by the state habeas court's finding that Doughtie's attorneys did not prevent him from testifying, and he chose not to testify in his own behalf.

Doughtie did in fact present evidence of his drug addiction, and his counsel attempted to characterize Doughtie's attack on the Deans as a result of his drug use. The jury found no mitigating value in this. It is therefore unlikely that they would have found any additional mitigating value in Doughtie's recognition of his drug problem and subsequent failure to get proper treatment for it. Indeed, Doughtie's awareness of his problem and evident understanding that in the absence of treatment he was a danger to society could easily have been taken by the jury as an aggravating, not mitigating, factor. The case thus mirrors this court's recognition that evidence of drug or alcohol abuse tends to be "double-edged," or potentially more harmful than helpful to the defendant. Williams v. Cain, 125 F.3d 269, 278 (5th Cir. 1998). Ineffective assistance of counsel claims based on the failure to present allegedly mitigating evidence which is actually "double edged" in nature are groundless. *See* Boyle v. Johnson, 93 F.3d 180, 187-88 (5th Cir. 1996); West v. Johnson, 92 F.3d 1385, 1410 (5th Cir. 1996); Woods v. Johnson, 75 F.3d 1017, 1035 (5th Cir. 1996). Doughtie has not persuaded us otherwise.

Finally, even if the evidence of Doughtie's efforts to seek rehabilitation was not "double-edged," counsel's failure to present this evidence would not rise to the level of a constitutional violation under the second prong of Strickland:

9

Doughtie was not prejudiced by his attorney's failure to introduce this exceptionally weak mitigating evidence. *See* Strickland, 466 U.S. at 687. Given the brutality of the murders and Doughtie's numerous prior violent offenses, the mitigating evidence Doughtie sought to introduce would not have swayed a reasonable jury away from imposing the death penalty.

## II. Evidentiary Hearing

Doughtie complains of the federal district court's failure to grant him an evidentiary hearing on his claims of ineffective assistance of counsel. At this proposed evidentiary hearing, Doughtie intended to present the allegedly mitigating evidence of his remorse and attempt to enter a drug rehabilitation center.

In the wake of the Antiterrorism and Effective Death Penalty Act (AEDPA), we review the district court's decision not to grant an evidentiary hearing under an abuse of discretion standard if the statutory minimum criteria for a hearing have been met. *See* Rules Governing § 2254 Cases, Rule 8, 28 U.S.C.A. foll. § 2254; *see also* Clark v. Johnson, 202 F.3d 760, 766 (5th Cir. 2000); McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998). The statute permits a hearing where the petitioner has failed to develop the factual basis for a claim if:

> the claim relies on a new rule or constitutional law,
> made retroactive to cases on collateral review by the

10

Supreme Court, that was previously unavailable; or a factual predicate that could not have been previously discovered through the exercise of due diligence; and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). The statutory exceptions apply only where the failure to develop the factual basis is directly attributable to the decision or omission of the petitioner. McDonald, *id*. To find that the federal district court abused its discretion, it is necessary to conclude that (1) the state habeas courts did not provide Doughtie with a "full and fair hearing," and (2) if Doughtie's allegations regarding the deficient performance of his counsel were proven true, he would be entitled to relief. *See* Clark, 202 F.3d at 766; Moawad v. Anderson, 143 F.3d 942, 947-48 (5th Cir. 1998), cert. denied, 525 U.S. 952 (1998).

The statute affords Doughtie no basis for a federal evidentiary hearing. There is no requirement for either state or federal habeas courts to conduct a "hearing" with live testimony. Jackson, 150 F.3d 520, 523-24 (5th Cir. 1998). A paper hearing is sufficient, particularly if, as here, the state trial and habeas courts were one and the same. Clark v. Johnson, 202 F.3d at 766. As Doughtie's hearing opportunity in the state courts was adequate, the statutory criteria for a federal evidentiary hearing were not

11

met.  The district court correctly applied AEDPA in its handling of the evidentiary hearing issue.

### III. Texas Capital Punishment Statutes

Doughtie's final ground for appeal is the oft-made and consistently rejected argument that the Texas capital murder statutes and the death penalty provisions thereof (Tex. Penal Code § 19.03 and T.C.C.P. Art. 37.071) are unconstitutional.  Doughtie breaks no new ground in his constitutional attack on the Texas death sentencing scheme, asserting that (1) a finding of future dangerousness on the first special issue jury question may be based solely on the circumstances of the capital offense itself; (2) the burden of proof on the mitigation special issue is not placed upon the State; and (3) the jury's answers to the special issue questions are not subject to meaningful appellate review.

Doughtie's arguments run contrary to clearly established precedents.  *See* <u>Jurek v. Texas</u>, 428 U.S. 262, 268-71 (1976) (plurality opinion); <u>Lowenfield v. Phelps</u>, 484 U.S. 231, 244-45 (1988) (discussing the "narrowing function" of the Texas penal statute).  The district court's order denying habeas corpus fully refutes this standard "throw in" constitutional argument.

Because reasonable jurists could not disagree over whether Doughtie has shown ineffective assistance of counsel, any error by the district court in denying an evidentiary hearing, or

a constitutional violation in the Texas capital murder statutes, there is no basis for granting a COA.

**Certificate of Appealability DENIED.**