**Leo Gordon LITTLE, TDCJ
No. 999302, Petitioner,**

v.

**Douglas DRETKE, Director, Texas Department of Criminal Justice, Criminal Institutions Division, Respondent.**

No. CIV SA–02–CA–386–OG.

United States District Court,
W.D. Texas,
San Antonio Division.

April 29, 2005.

J. Scott Sullivan, Attorney at Law, San Antonio, TX, for Leo Gordon Little.

Fredericka Sargent, Office of the Attorney General, Austin, TX, for Douglas Dretke.

## *MEMORANDUM OPINION GRANTING RELIEF*

ORLANDO L. GARCIA, District Judge.

Petitioner Leo Gordon Little filed this federal habeas corpus action pursuant to Title 28 U.S.C. Section 2254 challenging his Bexar County death sentence. The parties appear to be in agreement that, pursuant to the United States Supreme Court's recent decision in *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), petitioner is entitled to have his death sentence vacated or otherwise commuted to a term of life imprisonment.

### I. *Factual Background*

On or about January 23, 1998, petitioner kidnapped, robbed, and fatally shot Christopher Chavez. On April 16, 1998, a Bexar County grand jury indicted petitioner in cause no. 98–CR–2162–A on a single Count of capital murder, alleging that petitioner intentionally murdered Chavez in the course of kidnaping and robbing Chavez. On February 25, 1999, a Bexar County petit jury convicted petitioner of capital murder as charged in the indictment. On March 3, 1999, the same jury returned its verdict at the punishment phase of petitioner's capital murder trial, finding (1) beyond a reasonable doubt that there was a probability petitioner would commit criminal acts of violence that constitute a continuing threat to society, (2) beyond a reasonable doubt that petitioner either actually caused Chavez's death, intended to kill Chavez or another, or anticipated that a human life would be taken, and (3) there were insufficient mitigating circumstances to warrant a life sentence for petitioner. The state trial court then imposed a sentence of death.

Petitioner appealed his conviction and sentence. In an unpublished opinion issued May 23, 2001, the Texas Court of Criminal Appeals affirmed. *Little v. State*, Cause no. 73,390 (Tex.Crim.App. May 23, 2001). Petitioner did not thereafter seek discretionary review of that decision via a certiorari petition to the United States Supreme Court.

On February 26, 2001, petitioner filed an application for state habeas corpus relief. On October 19, 2001, the state habeas trial court held an evidentiary hearing on petitioner's state habeas corpus application. In an Order issued February 26, 2002, the state habeas trial court made its factual findings, legal conclusions, and recommendation that petitioner's state habeas corpus application be denied. In an unpublished Order issued April 17, 2002, the Texas Court of Criminal Appeals adopted the trial court's findings and conclusions and denied state habeas relief. *Ex parte Little*, App. no. 51,911–01 (Tex.Crim.App. April 17, 2002).

### II. *Federal Procedural History*

Petitioner filed his original habeas corpus petition in this Court on April 11, 2003. Docket entry no. 10. On October 8, 2003, petitioner filed his first amended petition. Docket entry no. 15. All of the grounds for relief petitioner asserted in his amended petition addressed the propriety

of petitioner's death sentence and none challenged the validity of petitioner's conviction for capital murder. More specifically, petitioner's grounds for federal habeas corpus relief consisted of arguments that (1) his trial counsel rendered ineffective assistance by failing to adequately investigate, develop, and present mitigating evidence at the punishment phase of petitioner's capital murder trial; (2) the state trial court erred in failing to instruct the jury at the punishment phase of trial regarding the sentence that would be imposed, as a matter of law, in the event a single hold-out juror refused to answer the capital sentencing special issues in a manner favorable to the prosecution; and (3) the Texas capital sentencing special issues are unconstitutional insofar as they include open-ended inquiries. As best this Court can tell from its review of the parties pleadings herein, petitioner makes no effort in this federal habeas corpus proceeding to challenge the validity of his conviction for capital murder. On February 6, 2004, respondent filed his answer and motion for summary judgment. Docket entry no. 19. On September 24, 2004, petitioner filed his reply to respondent's motion for summary judgment. Docket entry no. 28.

On March 1, 2005, the United States Supreme Court announced its decision in *Roper v. Simmons, supra,* declaring therein that the Eighth Amendment prohibits the execution of persons who commit capital offenses prior to the age of 18. In a Show Cause Order issued March 4, 2005, this Court (1) advised the parties regarding the holding in *Roper,* (2) pointed out that the State of Texas' Department of Criminal Justice had publicly stated on its official web site that petitioner was younger than 18 years of age on the date of his capital offense, and (3) inquired whether the Supreme Court's holding in that cause effectively rendered moot petitioner's challenges to the propriety of his sentence.

Docket entry no. 30. In separate advisories filed March 16, 2005 (docket entry no. 31) and April 12, 2005 (docket entry no. 35), petitioner and respondent, respectively, advised this Court of their opinions that, while petitioner was most certainly under the age of 18 on the date of his capital offense, petitioner's claims herein were not mooted.

On March 16, 2005, petitioner filed a motion for leave to supplement his claims herein to add a claim for relief premised on the Supreme Court's holding in *Roper.* Docket entry no. 33. On March 25, 2005, petitioner then filed a motion for summary judgment premised on his *Roper* claim. Docket entry no. 34. In his latest pleading, respondent expressly agrees to waive the defense of exhaustion of state remedies and acknowledges that petitioner is entitled to federal habeas relief from his sentence pursuant to the Supreme Court's holding in *Roper.*

### III. *Analysis*

#### A. *No Genuine Dispute as to the Material Facts*

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Federal Rules of Civil Procedure apply in federal habeas corpus proceedings to the extent they are not inconsistent with the former. The Fifth Circuit has recognized the applicability of federal summary judgment procedures as set forth in Rule 56 of the Federal Rules of Civil Procedure to federal habeas corpus proceedings. *See Guy v. Cockrell,* 343 F.3d 348, 352 (5th Cir.2003) (holding that a grant of summary judgment is appropriate in a federal habeas corpus proceeding only when the pleadings, depositions, answers to interrogatories, admissions, and affidavits before the court establish there is no genuine issue of material fact and the moving party is

entitled to judgment as a matter of law); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir.2002), *cert. dism'd*, 541 U.S. 913, 124 S.Ct. 1652, 158 L.Ed.2d 263 (2004), (holding that Rule 56 applies with equal force in the context of habeas corpus cases); *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.2000), *cert. denied*, 531 U.S. 831, 121 S.Ct. 84, 148 L.Ed.2d 46 (2000), (holding the same).[1]

Summary judgment motions permit the Court to resolve lawsuits without the necessity of trials if there is no genuine dispute as to any facts which are material and the moving party is entitled to judgment as a matter of law. *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The determination of what constitutes a "material" fact depends upon the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. at 2510. A dispute is "genuine" if the evidence is such that a reasonable juror could return a verdict for the nonmoving party. *Id.*

■ There does not appear to be any genuine dispute as to petitioner's age on the date of his capital offense. The certified copy of petitioner's birth certificate attached to petitioner's motion for summary judgment lists petitioner's date of birth as July 14, 1980. On the official web site of the Texas Department of Criminal

Justice (*www.tdcj.state.tx.us/stat/ offendersondrow.htm*), includes an entry in which that state agency represents that petitioner Leo Gordon Little was born on July 14, 1980 and committed his capital offense on January 25, 1998. The indictment under which petitioner was convicted alleged that petitioner committed his capital offense on or about January 23, 1998. Regardless of which offense date is correct, both offense dates asserted by the State of Texas occurred months before petitioner's eighteenth birthday. Respondent does not contest the accuracy of the certified copy of petitioner's birth certificate now before this Court. Thus, the State of Texas has publicly declared, and admitted herein, that petitioner was less than 18 years old as of the date he committed his capital offense. In light of the Supreme Court's holding in *Roper*, the petitioner is entitled to federal habeas corpus relief in the form of a directive that petitioner's death sentence be vacated. Nothing in *Roper* or any other Supreme Court opinion authorizes this Court to adjudicate the validity of petitioner's conviction, however.

### B. *Lack of Exhaustion Not a Barrier to Relief*

■ Petitioner has never presented his *Roper* claim to any state court. Under ordinary circumstances the AEDPA would statutorily forbid this Court from granting federal habeas corpus relief premised on

---

1. Not all federal summary judgment rules apply in a federal habeas corpus proceeding, however. For instance, the presumption of correctness that federal habeas courts must afford state court factual findings pursuant to 28 U.S.C. § 2254(e)(1) supercedes the federal summary judgment rules. *See Smith v. Cockrell*, 311 F.3d at 668 (holding that § 2254(e)(1)'s presumption of correctness for state court factual findings trumps summary judgment rules); *Woods v. Cockrell*, 307 F.3d 353, 356–57 (5th Cir.2002) (holding that

while federal appellate review of a grant of summary judgment in a habeas corpus proceeding is *de novo*, a presumption of correctness in state court factual findings remains in the absence of clear and convincing evidence establishing the contrary); *Ogan v. Cockrell*, 297 F.3d 349, 356 (5th Cir.2002), *cert. denied*, 537 U.S. 1040, 123 S.Ct. 582, 154 L.Ed.2d 464 (2002), (holding the same); *Caldwell v. Johnson*, 226 F.3d 367, 372 (5th Cir.2000), *cert. denied*, 530 U.S. 1298, 121 S.Ct. 22, 147 L.Ed.2d 1045 (2000), (holding the same).

such an unexhausted claim when state corrective processes are available to entertain and address that claim. *See Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir.2003), *cert. denied*, 543 U.S. 835, 125 S.Ct. 250, 160 L.Ed.2d 56 (2004), ("28 U.S.C. § 2254(b)(1) requires that federal habeas petitioners fully exhaust remedies available in state court before proceeding in federal court."). More simply, the AEDPA forbids the granting of federal habeas relief based on an unexhausted claim unless the State has expressly waived exhaustion or state corrective processes are unavailable to entertain such a claim. 28 U.S.C. § 2254(b) & (c). Section 5 of Article 37.071, Texas Code of Criminal Procedure, authorizes the filing of a successive state habeas corpus application when such an application asserts a claim that is based on a legal theory that was unavailable at the time the applicant filed a prior state habeas application. Because the Supreme Court did not issues its watershed decision in *Roper* until March 1, 2005, petitioner's unexhausted claim herein was unavailable to petitioner until that date. Petitioner alleges no facts showing that state habeas remedies are unavailable to him at this juncture should petitioner wish to pursue his currently unexhausted, *Roper*-based, claim. Thus, petitioner still has available state habeas remedies and has identified no impediment to his return to state court to exhaust such remedies. Under such circumstances, this Court would ordinarily be statutorily precluded from granting federal habeas relief on petitioner's unexhausted *Roper*-based claim herein. In this case, however, the respondent expressly and specifically waived any defense premised on petitioner's failure to exhaust available state remedies on his *Roper* claim. Respondent's Response to Petitioner's Motion for Summary Judgment based on *Roper*, filed April 12, 2005, docket entry no. 35, at p. 2 n. 1.

Because the parties are in agreement that petitioner was under the age of 18 on the date he committed his capital offense and because respondent has expressly waived the defense of exhaustion, this Court may proceed to grant federal habeas corpus relief based on the Supreme Court's clear holding in *Roper*.

## C. *Teague Not a Barrier to Federal Habeas Relief*

 Under the Supreme Court's holding in *Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 1075, 103 L.Ed.2d 334 (1989), federal courts are generally barred from applying new constitutional rules of criminal procedure retroactively on collateral review. *Caspari v. Bohlen*, 510 U.S. 383, 389–90, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994). A "new rule" for *Teague* purposes is one which was not dictated by precedent existing at the time the defendant's conviction became final. *See O'Dell v. Netherland*, 521 U.S. 151, 156, 117 S.Ct. 1969, 1973, 138 L.Ed.2d 351 (1997), (holding that a "new rule" either "breaks new ground," "imposes a new obligation on the States or the Federal Government," or was not "dictated by precedent existing at the time the defendant's conviction became final") Under this doctrine, unless reasonable jurists hearing the defendant's claim at the time his conviction became final would have felt compelled by existing precedent to rule in his favor, a federal habeas court is barred from doing so on collateral review. *Id.*

*Teague* does not foreclose application of the holding in *Roper* to petitioner's case because the new constitutional right recognized in *Roper* is clearly substantive, rather than procedural, in nature. The Supreme Court has explained this distinction as follows:

New *substantive* rules generally apply retroactively. This includes decisions

that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish. Such rules apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal'" or faces a punishment that the law cannot impose upon him. *Schriro v. Summerlin,* 542 U.S. 348, 352, 124 S.Ct. 2519, 2522–23, 159 L.Ed.2d 442 (2004) (citations omitted).

Like the Supreme Court's decision in *Atkins v. Virginia,* 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002)(holding the Eighth Amendment precludes the execution of mentally retarded capital murderers), that court's recent decision in *Roper* effectively removed a category of convicted capital murderers from eligibility to receive the death penalty. Simply put, under *Roper,* the State of Texas may no longer execute persons who commit capital murder before they reach age 18. Thus, because he was less than 18 years of age on the date of his capital offense, petitioner may not be executed. By its nature, the holding in *Roper* forbids the State from imposing a particular type of sentence upon petitioner. A Supreme Court holding that declares certain persons outside the power of the State to punish in a particular manner is substantive, rather than procedural, in nature. Thus, the new rule announced in *Roper* is clearly substantive in nature and, therefore, applies retroactively, even to persons convicted of capital murder and sentenced to death prior to March 1, 2005. *Teague* poses no

barrier to the retroactive application of the new *substantive* rule announced in *Roper.*

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion to hold this case in abeyance, filed March 16, 2005, docket entry no. 32, is **DISMISSED AS MOOT.**

2. Petitioner's motion for leave to file a supplemental claim premised on *Roper v. Simmons,* filed March 16, 2005, docket entry no. 33, is **GRANTED** as follows: the Clerk shall file among the pleadings in this cause petitioner's "supplemental claim," received March 16, 2005.

3. Petitioner's motion for summary judgment, filed March 25, 2005, docket entry no. 34, is **CONDITIONALLY GRANTED IN PART** as follows: this Court will issue a Writ of Habeas Corpus unless, within ninety days from the date the Judgment in this cause becomes final, the State of Texas either (1) grants petitioner a new trial on the issue of punishment only, as permitted by Article 44.29(c), Texas Code of Criminal Procedure, (2) vacates petitioner's death sentence and imposes sentence of less than death, or (3) commutes petitioner's death sentence to a term of life imprisonment or a less lengthy term of imprisonment.[2]

4. This Court expresses no opinion regarding the possible applicability of recent amendments to the Texas capital sentencing statute to petitioner's re-sentencing pursuant to this Court's conditional directive set forth above.

5. All other pending motions are **DISMISSED AS MOOT.**

---

**2.** *See Moore v. Johnson,* 194 F.3d 586, 622 (5th Cir.1999) (holding that a federal habeas court granting relief as to punishment only may not directly order the State to grant the petitioner a new punishment hearing but, instead, must grant federal habeas relief while also granting the State a reasonable period of time within which to either grant the petitioner a new trial as to punishment only or vacate petitioner's death sentence and impose a sentence of less than death).

6. The Clerk shall prepare and enter a Judgment in conformity with this Memorandum Opinion and Order.