**REVISED, May 15, 1998**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-20023

_____


SIDNEY ANDRE MCDONALD,

                              Plaintiff-Appellant,

                    VERSUS

                    GARY L. JOHNSON,
        Director, Texas Department of Criminal Justice,
                 Institutional Division,

                              Defendant-Appellee.


_____

        Appeal from the United States District Court
            for the Southern District of Texas

_____

                    May 11, 1998

Before GARWOOD, SMITH, and EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


    Sidney McDonald appeals the denial of an evidentiary hearing and dismissal of his petition for writ of habeas corpus.  We affirm.


                        I.

    McDonald pleaded guilty in state court to delivery of cocaine. Pursuant to a plea bargain, the state recommended fifteen years' imprisonment.  The court accepted McDonald's guilty plea and

sentenced him to the suggested term.  No direct appeal was taken.

McDonald filed a habeas petition in state court, challenging his conviction and sentence.  He alleged, *inter alia*, ineffective assistance of counsel, claiming that his trial counsel had failed to inform him of his right to appeal.[1]  He was denied an evidentiary hearing.  The Texas Court of Criminal Appeals then denied his application without a written order.

McDonald filed a second habeas petition in state court, raising largely the same arguments.  The state court denied his claim as procedurally barred.  It determined that "there are no controverted, previously unresolved facts material to the legality of the Applicant's confinement which require an evidentiary hearing."  Accordingly, the court did not render specific factual findings.  The Texas Court of Criminal Appeals again denied McDonald's application without a written order.

McDonald proceeded to federal court, seeking relief under 28 U.S.C. § 2254(d).  The state moved for summary judgment, introducing an affidavit from McDonald's court-appointed trial counsel.  In the affidavit, counsel stated that he had fully informed McDonald that McDonald could not appeal without the trial court's permission.  The state attached court records suggesting that the trial court also had warned McDonald of his conditional

---

[1] *See United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993) ("If a petitioner can prove that the ineffective assistance of counsel denied him the right to appeal, then he need not further establishSSas a prerequisite to habeas reliefSSthat he had some chance of success on appeal.").  As discussed below, under Texas law, McDonald had only a *conditional* right to appeal; he needed the trial court's permission to do so.  Because the state does not contest that McDonald's lawyer was required to inform him of this right, we assume *arguendo* that McDonald has stated a claim for ineffective assistance of counsel.

2

right to appeal, although there is no transcript of the sentencing proceedings.[2]

McDonald countered with an affidavit claiming that neither the trial court nor his lawyer had explained to him his right to appeal. He did not proffer any other evidence. The district court denied his request for an evidentiary hearing and dismissed his petition as frivolous pursuant to 28 U.S.C. § 1915(d), adding that portions of his affidavit "border[ed] on perjury." McDonald appealed, and we granted a certificate of appealability on the issue of whether counsel had advised him of his right to appeal.

## II.

Denials of an evidentiary hearing are reviewed for abuse of discretion. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). We review dismissals pursuant to § 1915(d) under the same standard. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

## A.

Because McDonald filed his federal habeas petition on May 7, 1996, his claims are governed by the Antiterrorism and Effective

---

[2] Under TEX. CODE CRIM. P. Art. 26.13(a)(3), before accepting a guilty plea, the trial court must inform the defendant of

> the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial . . . .

McDonald claims that the trial court also failed to inform him of his right to appeal.

3

Death Penalty Act ("AEDPA"). Accordingly, his request for an evidentiary hearing must be evaluated under 28 U.S.C. § 2254(e)(2), which provides, in relevant part:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that§§
>
> > (A) the claim relies on§§
> >
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence . . . .

Because McDonald does not allege that his ineffective assistance claim relies on a new rule of constitutional law or a hidden factual predicate, he cannot secure an evidentiary hearing if he failed to develop a factual basis for his claim in the state court proceedings.

It is undisputed that no factual basis was developed in the state courts; they found McDonald's claim procedurally barred and thus did not hold an evidentiary hearing. The more difficult question is whether, for purposes of § 2254(e)(2), McDonald "failed" to develop the factual basis.

Two circuits have understood the phrase "failed to develop" in § 2254(e)(2) as requiring some sort of omission by the petitioner; in other words, he cannot be deemed to have failed to develop a factual basis for his claim if the basis was left undeveloped through no fault of his own. In *Love v. Morton*, 112 F.3d 131 (3d

4

Cir. 1997), the court held that the petitioner could not be said to have failed to develop the factual record when the trial judge's abrupt declaration of a mistrial prevented him from doing so. The court concluded that "factors other than the defendant's action prevented a factual record from being developed," and therefore the petitioner was entitled to an evidentiary hearing. *Id*. at 136.

Similarly, in *Burris v. Parke*, 116 F.3d 256, 258 (7th Cir.), *cert. denied*, 118 S. Ct. 462 (1997), the court remarked: "'Failure' implies omissionSSa decision not to introduce evidence when there was an opportunity, or a decision not to seek an opportunity." It concluded that "the word 'fail' cannot bear a strict-liability reading under which a federal court would disregard the reason for the shortcomings of the record." *Id*. at 259.

Whether a petitioner who, without any default on his part, was procedurally barred from developing a factual basis for his claim can be said to have "failed" to do so is a question of first impression in this circuit. We join the Third and Seventh Circuits in concluding that, for purposes of 28 U.S.C. § 2254(e)(2), a petitioner cannot be said to have "failed to develop" a factual basis for his claim unless the undeveloped record is a result of his own decision or omission. Accordingly, McDonald's claim is not precluded under 28 U.S.C. § 2254(e)(2). If it were, "a state could insulate its decisions from collateral attack in federal court by refusing to grant evidentiary hearings in its own courts." *Burris*, 116 F.3d at 259.

5

This conclusion does not end the analysis, however, for even if McDonald's claim is not precluded by § 2254(e)(2), that does not mean he *is* entitled to an evidentiary hearing§§only that he *may* be. Consistent with AEDPA's goal of streamlining the habeas process, § 2254(e)(2) specifies the situations where evidentiary hearings are *allowed*, not where they are *required*. Thus, if a petitioner seeking a hearing clears this initial hurdle, he must still persuade the district court. This subsequent determination is committed to the district court's discretion pursuant to Rule 8 of the Rules Governing § 2254 Cases. In determining whether an evidentiary hearing is proper, the district court may expand the record and consider affidavits, exhibits, or other materials that cast light on the merits of the petition.

The district court did not hold an evidentiary hearing, but considered McDonald's affidavit along with an affidavit from his trial counsel, who stated that he had informed McDonald of his conditional right to appeal. The court also considered the records from McDonald's sentencing hearing, which indicated that the state court had fulfilled its legal duty to inform McDonald of this right before accepting his guilty plea.

We agree with the district court that an evidentiary hearing was unnecessary under these circumstances. Given that the court had before it affidavits from the two central parties§§McDonald and his trial counsel§§it is uncertain what additional evidence could have been introduced. "[A] petitioner need not receive an

6

evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction." *Young v. Herring*, 938 F.2d 543, 560 n.12 (5th Cir. 1991) (on remand).[3]  The district court had sufficient facts before it to make an informed decision on the merits of McDonald's claim and, accordingly, did not abuse its discretion in refusing to hold an evidentiary hearing.

## III.

The district court dismissed McDonald's petition under 28 U.S.C. § 1915(d).  That section, now codified at 28 U.S.C. § 1915(e)(2)(B), permits the district court to dismiss the claim of a petitioner proceeding *in forma pauperis* if the court determines that the action is frivolous.  A complaint is frivolous if it lacks an arguable basis in law or fact.  *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

The court did not abuse its discretion in finding that McDonald's claim lacked an arguable basis in fact.  The court considered the affidavits of both sides as well as documents from the sentencing proceeding, and noted the internal contradictions in McDonald's affidavitSSraising the possibility of perjurySSand observed the absence of supporting evidence other than the petitioner's own self-serving allegations.

Specifically, the court considered the affidavit of McDonald's

---

[3] *See also Young*, 938 F.2d at 560, *quoting Blackledge v. Allison*, 431 U.S. 63, 74 (1977):  "A petitioner is not entitled to an evidentiary hearing . . . if his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'"

trial counsel stating that he had fully advised his client of his limited right to appeal under Texas law. The court also considered McDonald's own signed statement that he had fully discussed the case with his attorney. Finally, the court considered the signed declaration of the trial judge stating that, before accepting McDonald's guilty plea, he too had advised McDonald of his right to appeal. The court then concluded that McDonald had failed to introduce evidence establishing an arguable factual basis for his allegation that both his lawyer and the trial judge had failed to inform him of his rights.

Given the district court's careful consideration of the pleadings and the expanded record, we cannot say that it abused its discretion in dismissing McDonald's claim under § 1915(d). The judgment, accordingly, is AFFIRMED.