IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10889
USDC No. 3-97-CV-2987-T
_____

OTIS PRICE,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
--------------------

October 6, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Otis Price (#770358), a state prisoner, has applied for a

certificate of appealability for an appeal from the dismissal of

his application for a writ of habeas corpus.  Before Price may

proceed with his appeal, he must obtain a COA from a judge of

this court.  28 U.S.C. § 2253(c)(1)(A).  COA will be granted only

if Price makes a substantial showing of the denial of a

constitutional right.  28 U.S.C. § 2253(c)(2).  If, however, the

issue is not of constitutional dimension, the standard for

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granting a COA is whether there is a credible showing of error. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998).

Price has moved for leave to file an amended COA application to correct typographical and case citation errors. The motion is DENIED AS UNNECESSARY.

Price contends that he received ineffective assistance of trial counsel and that his guilty pleas were involuntarily entered because his attorney also represented two codefendants who were going to testify on behalf of the prosecution. The state court and the district court failed to address the conflict-of-interest question. The record does not disclose whether counsel also represented Price's codefendants and whether their willingness to testify for the state affected Price's decision to plead guilty. Although those facts were not developed in the state-court proceedings, see 28 U.S.C. § 2254(e)(2), the failure to do so did not result from Price's decision or omission. See McDonald v. Johnson, 139 F.3d 1056, 1059 (5th Cir. 1998). Price had raised the issue in his state postconviction motion. COA is GRANTED as to questions whether Price received ineffective assistance of counsel because of a professional conflict of interest, see Cuyler v. Sullivan, 446 U.S. 335 (1980), and whether the alleged conflict affected the voluntariness of his guilty pleas. Because the district court did not address the issue, which was raised in Price's habeas petition, Price has made a credible showing of error in the court's omission. The district court's judgment is VACATED IN PART and the cause is REMANDED for further proceedings. We

intimate no opinion on the merits of these claims.  <u>See</u> <u>Whitehead</u>, 157 F.3d at 388.

Price contends that his rights to procedural due process and to effective assistance of counsel were violated during the probation-revocation proceedings.  Price has failed to make a substantial showing of the denial of a constitutional right as to these issues. § 2253(c)(2).  COA is DENIED as to these issues.

COA GRANTED IN PART AND DENIED IN PART; MOTION FOR LEAVE TO FILE AMENDED COA APPLICATION DENIED; JUDGMENT VACATED IN PART AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.