United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10331
Summary Calendar
_____

ABDEL MOHAMAD RAHIM,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-817-R
--------------------

Before  WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Abdel Mohamad Rahim appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his 1996 conviction for capital murder.  Rahim contends that the district court erred when it denied him an evidentiary hearing and presumed the state habeas judge's factual findings to be correct. Rahim has not shown that the district court erred in applying the presumption of correctness.  See Valdez v. Cockrell, 274 F.3d 941, 949-51  (5th Cir. 2001).  As the district court properly applied

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a presumption of correctness to the state habeas judge's factual findings, Rahim has failed to show that the district court abused its discretion in denying an evidentiary hearing. Murphy v. Johnson, 205 F.3d 809, 815 (5th Cir. 2000); McDonald v. Johnson, 139 F.3d 1056, 1059-60 (5th Cir. 1998).

Rahim also contends that the state habeas judge's factual findings were an unreasonable determination of the facts in light of the evidence presented. Rahim has failed to show that the district court erred in concluding that the state habeas judge's factual findings based on his credibility determinations were reasonable in light of the evidence presented.

Last, Rahim argues that the state appellate court's determination that the admission of a non-testifying co-defendant's confession was harmless error was an unreasonable application of clearly established Supreme Court precedent. Rahim has failed to show that the district court erred in concluding that the state appellate court's analysis of the evidence and application of the Supreme Court's harmless error standard was objectively reasonable. Chapman v. California, 386 U.S. 18, 24 (1967). Moreover, the admission of the confession did not have a substantial and injurious effect or influence on the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). The judgment of the district court is, in all respects,

AFFIRMED.