IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 11, 2008

Charles R. Fulbruge III
Clerk

No. 05-10885

MANUEL GALLEGOS

Petitioner-Appellant

V.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-cv-00029

Before WIENER, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Manuel Gallegos (Gallegos) appeals the district court's denial of his petition for habeas corpus relief filed under 28 U.S.C. § 2254. Specifically, Gallegos challenges the district court's denial of his request for an evidentiary hearing and his ineffective assistance of counsel claim. Because the district court did not abuse its discretion by not holding an evidentiary hearing and because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it properly concluded that Gallegos failed to establish that he received ineffective assistance of counsel, we affirm.

## I. BACKGROUND

On July 21, 2000, Gallegos was involved in an altercation with Alfredo "Little Freddy" Lopez (Lopez) and Jesse Hernandez (Hernandez). Hernandez testified at trial that following a verbal exchange with Gallegos, Lopez took off running while Hernandez stayed behind to face Gallegos. Gallegos approached Hernandez and stated that he was only interested in Lopez. Gallegos fired a shot into the air and Hernandez ran. While he was running Hernandez heard a second shot but did not see who fired it. Hernandez returned to the area where the shots were fired and found Lopez lying on the ground, apparently dead, shot once in the back. Albert Ayala (Ayala) was on his front porch across the street from where Lopez was shot. Ayala testified that he heard the first shot and saw Hernandez and Lopez running. Ayala also saw the muzzle blast from the second shot, and immediately lay on the ground. When he looked up, he saw Lopez lying on the street and Gallegos walking away. Later that evening, Gallegos was stopped by police, who found a pistol in the truck in which he was traveling. Investigators found one .40 caliber casing that was fired from the pistol in the area where the shots were fired. Police conducted a handwiping test on possible suspects and only Gallegos tested positive for recently firing a gun. After his arrest, Gallegos admitted in a written statement to the police that he fired two shots, one in the air and one in the direction of Lopez. However, he maintained that neither shot hit Lopez and that Lopez continued running after both shots were fired.

On April 16, 2001, a Texas state court jury found Gallegos guilty of first-degree murder. The court sentenced Gallegos to fifty years in prison. After Gallegos exhausted his direct appeals, he filed a state habeas corpus application alleging, inter alia, ineffective assistance of counsel at trial. Specifically,

Gallegos alleged that his trial counsel was ineffective for failing to present any forensic evidence at trial. Gallegos believed that forensic evidence would have shown that Lopez was shot while he lay on the ground and not while he was running as Ayala had testified. Gallegos also requested an evidentiary hearing.

The state habeas court did not hold an evidentiary hearing but did request two affidavits from Gallegos's trial counsel, Anthony Calisi (Calisi). The affidavits stated that: (1) Calisi's decisions "were well thought out and appropriately implemented"; (2) Gallegos was provided with "effective assistance of counsel"; (3) he hired a "forensic scientist"; (4) he obtained Lopez's clothing for the forensic scientist to study; and (5) he "visit[ed] with the Medical Examiner at her office." Calisi also stated that he ultimately presented only those witnesses he believed to be credible: "In that regard, it was quite difficult to present witnesses for the defense . . . ." The state habeas court also considered the affidavit of Raul Guajardo (Guajardo), submitted by Gallegos. Guajardo, a forensic scientist, stated his belief that the evidence, which he had examined after the trial at Gallegos's request, showed that Lopez was struck while he was either "falling and close to the ground" or was "in a prone position and on the ground." This conclusion contradicted Ayala's eye-witness testimony that Lopez was running when the fatal shot was fired. The state habeas court found Calisi's affidavits to be "true, correct, and dispositive" of Gallegos's ineffective assistance of counsel claims, and thus recommended denial of Gallegos's habeas application. On October 20, 2004, the State Court of Criminal Appeals denied his habeas application without a written order.

On January 5, 2005, Gallegos filed a § 2254 petition with the federal district court, raising the same issues as he did in his state habeas claim and again requesting an evidentiary hearing. The magistrate judge issued its "findings, conclusions and recommendations," concluding that the state court's decision was not an unreasonable application of federal law, nor was it based on

an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1)-(2). The magistrate judge also concluded that Calisi's affidavits implied that a forensic scientist had been hired but was not called as a witness because his testimony ultimately would not have aided Gallegos's defense at trial. On June 21, 2007, the district court adopted the magistrate judge's findings and denied Gallegos's § 2254 application. Gallegos timely filed a notice of appeal and request for a Certificate of Appealability (COA), which was denied by the district court. The Fifth Circuit granted Gallegos a COA on the issue of whether his trial counsel was ineffective for failing to obtain and present forensic evidence. Gallegos v. Quarterman, No. 05-10885, slip op. at 2 (5th Cir. Aug. 10, 2006) (unpublished).

On appeal, Gallegos contends that Ayala was the star witness against him at trial, and that his trial counsel's failure to present forensic evidence to rebut Ayala's testimony prejudiced him. Gallegos also asserts that the state habeas court relied on Calisi's "vague" affidavits rather than conduct an evidentiary hearing, which resulted in a decision that was an unreasonable determination of the facts in light of the evidence presented. Finally, Gallegos asserts that he was entitled to an evidentiary hearing in the district court because the state habeas court improperly denied his request for a hearing, which would have allowed him to develop the factual basis of his claim.

## II. ANALYSIS

### A. Standard of review

Gallegos filed his habeas petition in district court on January 5, 2005, after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). We therefore review his appeal pursuant to AEDPA. See 28 U.S.C. § 2253; Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA provides in relevant part that:

> [a]n application for a writ of habeas corpus . . . shall not
> be granted with respect to any claim that was
> adjudicated on the merits in State court proceedings

> unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Federal habeas relief is only available when the state court's decision was incorrect and objectively unreasonable. Yarborough v. Gentry, 540 U.S. 1, 5 (2003). Further, state court findings of fact are presumed correct unless the defendant rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## B.    Denial of evidentiary hearing

Before we address whether Gallegos received ineffective assistance of counsel, we consider Gallegos's assertion that the district court erred by not holding an evidentiary hearing on his ineffective assistance of counsel claim. We review a district court's denial of a request to hold an evidentiary hearing for abuse of discretion. Clark v. Johnson, 202 F.3d 760, 765 (5th Cir. 2000).

A petitioner must develop the factual basis of his claim in state court to be entitled to an evidentiary hearing in federal court. 28 U.S.C. § 2254(e)(2). However, a petitioner who has not developed the factual basis of his claim may still be granted an evidentiary hearing if one of the two conditions set forth in § 2254(e)(2) is met.[1] Id. § 2254(e)(2)(A),(B). "'Under the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the

---

[1] First, the petitioner's claim must rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," or on a "factual predicate that could not have been previously discovered through the exercise of due diligence." Id. § 2254(e)(2)(A). Alternatively, the applicant must show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Id. § 2254(e)(2)(B).

prisoner or the prisoner's counsel.'" Dowthitt v. Johnson, 230 F.3d 733, 758 (5th Cir. 2000) (quoting Williams v. Taylor, 529 U.S. 420, 432 (2000)).

Assuming without deciding that Gallegos's request for an evidentiary hearing is not barred by the preclusive effect of § 2254(e)(2), we find that the district court did not abuse its discretion in denying Gallegos an evidentiary hearing. "[O]vercoming the preclusive effect of § 2254(e)(2) does not guarantee an evidentiary hearing, it only opens the door for one." Clark, 202 F.3d at 765. The district court still has the discretion to grant or deny an evidentiary hearing. Id. There is no requirement for a federal habeas court to conduct a hearing with live testimony. McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998). When "[t]he district court ha[s] sufficient facts before it to make an informed decision on the merits of [the habeas petitioner's] claim" it does not abuse its discretion in failing to conduct an evidentiary hearing, even where no factual findings are explicitly made by any state court. See id.

Furthermore, the lack of an evidentiary hearing in state court does not effect the presumption that the state court findings of fact are correct. See 28 U.S.C. § 2254(e)(1); see also Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th Cir. 2001), cert. denied, 537 U.S. 883 (2002). In contrast to the pre-AEDPA law, deference to a state habeas court's factual determinations is not dependent upon the quality of the state court's evidentiary hearing. Valdez, 274 F.3d at 950. "[A] full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review." Id. at 951.

Gallegos argues that an evidentiary hearing would have allowed him to present evidence to establish his claim for ineffective assistance of counsel. However, when requesting an evidentiary hearing, Gallegos offered only Guajardo's affidavit for support. Guajardo's affidavit essentially calls into question Gallegos's liability for the shooting; it does not raise an issue as to

whether Calisi provided ineffective assistance of counsel at trial. Thus, Gallegos's primary argument for ineffective assistance of counsel is that Calisi either lied in his affidavits or that the affidavits lacked enough specificity for Gallegos to determine whether Calisi developed an effective forensic defense strategy. Gallegos has not presented any evidence to support his claim, relying instead on unsubstantiated attacks on Calisi's affidavits. The state habeas court found that Calisi's affidavits were correct and dispositive of Gallegos's ineffective assistance of counsel claims. Calisi's affidavits make clear that he hired a forensic scientist, obtained evidence for the forensic scientist to examine, and discussed Gallegos's case with the Medical Examiner. Both the state habeas court and the federal district court determined that a hearing was unnecessary and a decision could be rendered based on the affidavits before the court. We find no error with the federal district court's decision. Gallegos has failed to marshal clear and convincing evidence to rebut the presumption of correctness afforded the state court's findings of fact. The district court did not improperly rely on the state habeas court's factual findings or improperly infer from the affidavits that the expert was not called at trial because his testimony would not have aided Gallegos. When a state court's rulings are vague, its implied factual findings and legal rulings are still entitled to deference. See, e.g., Young v. Dretke, 356 F.3d 616, 629 (5th Cir. 2004) (implicit factual findings are entitled to deference); Santellan v. Cockrell, 271 F.3d 190, 193-94 (5th Cir. 2001) (ultimate ruling of state court entitled to deference even if no explanation for ruling is given). Because we conclude that the district court did not abuse its discretion by not holding an evidentiary hearing, we turn to Gallegos's ineffective assistance of counsel claim.

C.    Ineffective assistance of counsel

7

We review the district court's findings of fact for clear error and issues of law de novo when reviewing the denial of habeas relief. Moody v. Johnson, 139 F.3d 477, 480 (5th Cir. 1998).

To establish his claim for ineffective assistance of counsel, Gallegos must show (1) that his counsel was deficient and (2) that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The court applies an objective standard of reasonableness, as measured by professional norms, to determine whether counsel's performance was deficient. Id. To prove deficiency, Gallegos must show that his trial counsel was not functioning as the "counsel" guaranteed him by the Sixth Amendment. Id. Our scrutiny of counsel's performance is "highly deferential" and there is a "strong presumption" that any alleged deficiency "falls within the wide range of reasonable professional assistance." Id. at 689. To demonstrate prejudice, Gallegos "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A failure to establish either deficiency or prejudice defeats the claim. Id. at 697.

Calisi's affidavit states that he hired a forensic expert and obtained evidence for the expert to analyze, indicating that he did some forensic investigation of Gallegos's case. Gallegos has not overcome the presumption we afford Calisi's trial strategy and decision not to call the forensic expert to the stand at trial. See, e.g., Williams v. Cain, 125 F.3d 269, 278-79 (5th Cir. 1997) ("[F]ailure to present . . . evidence would not constitute 'deficient' performance within the meaning of Strickland if [counsel] could have concluded, for tactical reasons, that attempting to present such evidence would be unwise."). Gallegos failed to establish that his trial counsel was deficient in his representation at trial.

Furthermore, Gallegos has failed to show a reasonable probability that but for his trial counsel's failure to call a forensic expert he would have been found not guilty of fatally shooting Lopez. Although Guajardo's affidavit calls into question the path of the bullet in relation to the position of Lopez's body when he was shot, testimony from the Medical Examiner at trial indicated that the path of a bullet could be influenced by a number of factors, including the victim's body movement, the shooter's movement, and whether the bullet struck a bone or an organ. Gallegos also admitted to shooting in Lopez's direction, was found with a pistol in his brother's truck, and tested positive for firing a gun the night of the shooting. Finally, there was eye-witness testimony from Ayala who saw the second shot being fired and moments later saw Lopez lying in the street as Gallegos walked away.

Because Gallegos has failed to establish his claim for ineffective assistance of counsel, we affirm.

AFFIRMED.