# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-70009

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2017

Lyle W. Cayce
Clerk

WILLIE TERION WASHINGTON,

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-721

Before CLEMENT, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Petitioner, Willie Washington, seeks a Certificate of Appealability ("COA") on two ineffective assistance of trial counsel ("IATC") claims, which the district court concluded were procedurally barred. Washington also argues the district court prevented him from having a "meaningful opportunity" to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-70009

demonstrate cause for his procedural default by denying his petition for discovery and a hearing. We are persuaded that his petitions are meritorious.

I.

Washington was convicted of capital murder and sentenced to death in 1986 by a Texas jury. The conviction and sentence were affirmed in 1989 by the Texas Court of Criminal Appeals ("TCCA") on direct appeal.

Then Washington commenced collateral proceedings. During his now two-decades-long pursuit of habeas relief, Washington has raised numerous claims on habeas petitions before both state and federal courts. But the present motion concerns only two IATC claims. In the first, Washington challenges his trial counsel's failure to raise a timely *Batson* claim despite evidence of the violation ("IATC-*Batson*"). In the second, Washington argues his trial counsel failed to conduct a competent investigation into his background, which would have unearthed important sentence mitigation evidence ("IATC-sentence").

Neither of the claims has been adjudicated on the merits. The IATC-*Batson* claim was rejected by the TCCA as procedurally barred under Texas's abuse of the writ statute. Although Washington's state habeas counsel raised an initial IATC claim regarding trial counsel's failure to investigate mitigating evidence, he significantly altered his IATC-sentence claim when he (with the assistance of new counsel) raised it in his federal habeas petition. Accordingly, the district court declined to review both.

We initially agreed with the court's decision. *Washington v. Thaler*, 464 F. App'x 233 (5th Cir. 2012). But, after our ruling, the Supreme Court decided *Trevino v. Thaler*, which established a new basis for overriding a procedural default in Texas criminal proceedings: ineffective assistance of habeas counsel. 133 S. Ct. 1911 (2013). The Supreme Court granted Washington's certiorari petition and remanded for further consideration in light of *Trevino*. This court

2

then granted a COA and remanded to the district court to review his IATC claims anew.

In his supplemental briefing ordered by the district court, Washington only raised the IATC-*Batson* and IATC-sentence claims. He sought 90 days of discovery and "an opportunity to plead allegations relating to cause for the procedural default" on those claims. Such discovery would allow him to "acquire information about and plead with more specificity" his state habeas counsel's ineffectiveness.

But he also noted evidence of deficiency already in the record. Regarding the adequacy of counsel's representation, Washington argued that "[s]tate habeas counsel appears to have conducted no investigation into trial counsel's" failure to raise a *Batson* objection. He noted this failure prevented him from raising an IATC claim that this court found to be potentially meritorious. *See Washington*, 464 F. App'x at 239–40 (noting that there was sufficient evidence at trial to raise a prima facie *Batson* claim and that "[t]he failure to raise a *Batson* challenge at voir dire may have been ineffective assistance"). Regarding the IATC-sentence claim, Washington conceded that his state habeas counsel raised the claim initially. But he contended that this challenge relied exclusively on an affidavit Washington had signed, suggesting his state habeas counsel's challenge was based on insufficient efforts.

Turning to prejudice, Washington noted that federal habeas counsel had been able to unearth information that supported the merits of both IATC claims. The IATC-*Batson* claim was supported by the discovery of the prosecutor's jury questionnaires from the trial, which appeared to be racially coded.[1] Federal habeas counsel also discovered that the same prosecutor had

---

[1] Specifically, the questionnaires of black jurors had the letter "b" written in the margins.

been found guilty of a *Batson* violation in another proceeding, wherein he made similar markings. *Whitsey v. State*, 796 S.W.2d 707 (Tex. Crim. App. 1989). Regarding the IATC-sentence claim, Washington's federal habeas counsel had unearthed a "plethora of mitigating information" based on a more thorough investigation, suggesting that the deficient investigation impacted the outcome of his IATC-sentence claim. These discoveries suggested that a more extensive investigation by habeas counsel would have led to a different result.

The district court interpreted his petition as seeking an evidentiary hearing and denied relief. The court neither considered the underlying merits of Washington's IATC claims, nor investigated the underlying state record. Instead, it focused on Washington's petition, noting he "offered little other than a generalized hope that additional investigation and an evidentiary hearing might lead to something relevant." The court further noted that he "offer[ed] no explanation as to how [the newly-discovered] evidence relates to the defaulted claims, or how state habeas counsel was deficient for failing to raise the defaulted claims."

The court then reaffirmed its prior decision that the claims were procedurally barred. Specifically, the court found that Washington had made "no showing that [habeas] counsel was ineffective," and thus had not demonstrated cause for the default. The court also denied Washington's petition for a COA. This motion followed.

## II.

Washington's motion requests a COA to review the procedural default of the IATC claims, but he primarily seeks to overturn the district court's denial of a "meaningful opportunity" to demonstrate that his procedural default should be excused. Specifically, he argues that he should have been entitled to some amount of discovery and an evidentiary hearing to establish that his

4

state habeas counsel was ineffective, which, in turn, would establish cause for his procedural default of the IATC claims under *Trevino*.

A COA may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). But this requirement does not entail a full merits analysis. As the Supreme Court has recently warned, "[w]hen a court of appeals sidesteps [the COA] process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication on the actual merits, it is . . . deciding an appeal without jurisdiction." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (internal quotations and citation omitted). Instead, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Since this is a death-penalty case, "any doubt as to whether a COA should issue . . . must be resolved in favor of the petitioner." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005).

But COAs (and the standard of review governing them) apply only to "final orders that dispose of the merits of a habeas corpus proceeding." *Harbison v. Bell*, 556 U.S. 180, 183 (2009). By contrast, "a [habeas] petition challenging an evidentiary ruling may only be entertained as corollary to a constitutional violation." *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016) (internal quotations and citation omitted). We may only consider such petitions after we have granted the underlying COA. The decision to hold an evidentiary hearing is reviewed for abuse of discretion. *Segundo v. Davis*, 831

No. 17-70009

F.3d 345, 351 (5th Cir. 2016).[2] The petitioner bears the burden. *Young v. Herring*, 938 F.2d 543, 559 (5th Cir. 1991).

### A. COA regarding the procedurally defaulted IATC claims

Turning first to the merits of the COA, we are mindful of *Buck*'s warning against a probing review of the merits. Such hesitancy seems particularly prudent in the present circumstances, where neither Washington's IATC nor his ineffective habeas counsel claims have been evaluated on the merits by either state habeas courts or the district court. We are also required to provide Washington the benefit of any doubt regarding his COA. In light of that deferential review, we are inclined to grant it.

Federal habeas petitioners cannot overcome a state procedural default unless they show "cause for the default and actual prejudice" from the underlying violation. *Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991). In *Trevino*, the Supreme Court ruled that, in Texas, ineffective assistance of the initial habeas counsel can qualify as "cause." 133 S. Ct. at 1921. Such a claim of ineffective assistance entails a two-part showing: (1) that counsel "made errors so serious that [he or she] was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[2] The State argues that 28 U.S.C. § 2254(e) of the Antiterrorism and Effective Death Penalty Act governs our review of the district court's denial of the evidentiary hearing. But this restrictive standard should not apply here. Since ineffective assistance of habeas counsel was not a relevant legal consideration for Washington's petition prior to *Trevino*, his need for further information can hardly be considered a "fail[ure] to develop the factual basis of a claim in State court proceedings" under § 2254(e). *See McDonald v. Johnson*, 139 F.3d 1056, 1059 (5th Cir. 1998) ("[A] petitioner cannot be said to have 'failed to develop' a factual basis for his claim unless the undeveloped record is a result of his own decision or omission."). Even if the provision did apply here, an evidentiary hearing would be permissible under § 2254(e)(2)(A)(i), as relying on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

Here, the defaulted claims are both IATC claims, and, as this court has explained, "in the COA context, we have held that to succeed in establishing cause, the petitioner must show (1) that his claim of [IATC] is substantial—i.e., has some merit—and (2) that habeas counsel was ineffective in failing to present those claims in his first state habeas proceeding." *Segundo*, 831 F.3d at 350 (internal quotations and citations omitted). In other words, the prisoner seeking to override his procedural default must demonstrate that his habeas counsel's errors and his trial counsel's errors were both "serious," *Strickland*, 466 U.S. at 694, and had a substantial likelihood of producing a different result, *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Although the district court found that Washington had failed to demonstrate his habeas counsel was ineffective, it did not discuss the basis in the record for this conclusion. Moreover, the district court did not discuss the underlying merit of Washington's IATC claims. But we see at least a debatable merit in these claims.

Regarding the IATC-*Batson* claim, we have already admitted there might be a plausible IATC-*Batson* claim (or, at the very least, that Washington had a prima facie case for one) when we last considered the argument on appeal. *Washington*, 464 F. App'x at 240. Moreover, as noted *supra*, the presence of race-identifying marks on the prosecutor's jury questionnaires is evidence of a *Batson* violation—as both the Supreme Court, *Foster v. Chatman*, 136 S. Ct. 1737 (2016), and the TCCA, *Whitsey*, 796 S.W.2d 707, have found. There is admittedly little evidence that trial counsel's failure to raise a timely *Batson* challenge was a dereliction of duty, aside from the fact that most of the prosecution's peremptory strikes (six of ten) were used on minorities and the final jury was all white. But this only weakens the IATC-*Batson* claim on the

merits; it does not render it so futile as to be beyond reasonable debate. *See Buck*, 137 S. Ct. at 773.

Regarding the IATC-sentence claim, Washington notes, with cites to the state record, that trial counsel's only investigation with respect to sentencing was a brief discussion with Washington's parents. This fact is not controverted by the State. Because of this insufficient investigation, substantial mitigating evidence regarding his rough upbringing and schooling, his devotion as a father, etc., was never brought to light. Thus, it is at least debatable that trial counsel failed to "undertake a reasonable investigation" or "ignore[d] pertinent avenues of investigation." *Escamilla v. Stephens*, 749 F.3d 380, 390 (5th Cir. 2014). And, with the benefit of federal habeas counsel's more probing investigation, Washington has provided details about his upbringing and character that might have had an impact on his sentence.

Turning to his state habeas counsel claim, there is again a basis in the record to find the representation was debatably ineffective. The mere fact that state habeas counsel failed to raise two potentially meritorious IATC claims evidences both his ineffectiveness and the prejudice that resulted. Moreover, as noted by Washington in his brief, although habeas counsel did challenge the IATC-sentencing claim, his own research into mitigating evidence involved perhaps less investigation than trial counsel's: he merely interviewed Washington himself. This fact is also not controverted by the State.

The State argues—with persuasive force—that the foregoing claims are unlikely to succeed on the merits. But, in so doing, it proves that Washington's claims are "debatable" and thus warrant a COA.

### B. Evidentiary Hearing and Discovery

Having decided that the underlying COA is meritorious, we now turn to the remaining evidentiary issues. The district court found that Washington's request for an evidentiary hearing regarding his initial habeas representation

was little more than a fishing expedition and denied the petition. This was an abuse of discretion.

As a guiding principle when reviewing evidentiary petitions, this court has held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate he is . . . entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." *Murphy v. Johnson*, 205 F.3d 809, 813–14 (5th Cir. 2000) (internal quotations and citation omitted). When a habeas petitioner seeks further discovery in particular, he must establish "good cause" to do so. *Id.* at 814. Although we have never fully defined the boundaries of this term's application, "good cause" may be satisfied upon a prima facie showing that the petitioner is entitled to relief. *Id.* Additionally, we have required that the discovery requests be "specific, as opposed to merely speculative or conclusory." *Id.*

When a petitioner seeks "an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see Young*, 938 F.2d at 560 n.12 ("[A] petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction."). But "[a] petitioner is not entitled to an evidentiary hearing . . . if his claims are merely conclusory allegations unsupported by specifics." *Young*, 938 F.2d at 560 (internal quotations and citation omitted). Finally, if a petitioner squanders prior opportunities to expand the record and conduct discovery, his subsequent petition asserting such need is not persuasive. *Id.*

Accordingly, the considerations guiding our review of Washington's petitions for an evidentiary hearing and for limited discovery are the same. We conclude those considerations require us to overturn the district court's denial

of both petitions. The evidence sought by Washington—pertaining to his state habeas counsel's efforts—is central to his attempt to overcome the procedural default in light of *Trevino*. And, notably, there has never been a state hearing on this issue, nor did Washington have a reasonable opportunity to discover this information prior to his petition. After all, prior to *Trevino*, the Supreme Court had held that the ineffectiveness of habeas counsel's representation could not establish cause for a procedural default. *Coleman*, 501 U.S. at 757.

Moreover, the equitable principles that advise against a hearing and further discovery are not applicable. Washington's request was not open-ended, but was specifically limited to the efforts habeas counsel made when representing Washington's initial collateral appeal. Nor was it, as the district court suggested, based on "conclusory allegations unsupported by specifics," lacking any clear relation to Washington's ineffective habeas counsel or IATC claims. To the contrary, it was based on other evidence that, as noted *supra*, suggested both his habeas and trial counsel were inept. And, as just noted, Washington has never had the opportunity to discover this information.

It is true that this court in *Segundo* "decline[d] to hold that *Martinez* mandates an opportunity for additional fact-finding in support of cause and prejudice." 831 F.3d at 351. But the mere fact that an evidentiary hearing is not mandated in all cases does not mean it is not required here. Notably, when this court explained its decision not to overturn the district court's denial of an evidentiary hearing in *Segundo*, it noted that "the district court thoroughly reviewed the record of the state-court proceedings, and made specific findings of fact in denying relief." *Id.* This court also observed that there had been extensive "factual development during trial and during the state habeas proceedings," so "the district court did not abuse its discretion in determining it had sufficient evidence." *Id.* The court also noted that the petitioner's IATC claims were patently meritless. *Id.* at 352.

No. 17-70009

Here, the district court engaged in no evaluation of the record. Nor did the district court find that there was sufficient evidence in the record to deny Washington's ineffective assistance of habeas counsel claim. Instead, the district court rejected the request solely on the unpersuasive grounds that it was overbroad. Moreover, as noted above, Washington has at least raised debatable IATC and ineffective habeas counsel claims. Accordingly, the court's denial of Washington's evidentiary petition was in error.

III.

In light of the specific circumstances of this case, we GRANT Washington's COA, VACATE the district court's denial of an evidentiary hearing and dismissal of Washington's habeas petition, and REMAND for further discovery and an evidentiary hearing on Washington's ineffective habeas counsel claims.