# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30538

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2020

Lyle W. Cayce
Clerk

EVERETT J. HUGHES,

Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-11661

Before CLEMENT, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Everett J. Hughes, Louisiana prisoner # 618469, was convicted by a jury of second degree murder and attempted second degree murder. He now moves for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition challenging these convictions. Hughes asserts that his trial attorneys rendered ineffective assistance by failing to make contemporaneous objections, by failing to investigate or call as witnesses David Alexander and Rashad Walker, by failing to object under the Confrontation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30538

Clause to the prosecutor's presentation of Walker's statements to the police, and by failing to call Maurice Carmouche to testify and corroborate his self-defense theory.

To obtain a COA, Hughes must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). He will satisfy this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because the district court rejected his claims on the merits, Hughes "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484; *see also Miller-El*, 537 U.S. at 338. He has not made the requisite showing. Accordingly, his motion for a COA is DENIED. Hughes's motions for leave to proceed in forma pauperis and for appointment of counsel are also DENIED.

In addition, Hughes challenges the failure of the district court to hold an evidentiary hearing. We treat his motion for a COA as a direct appeal of that issue. *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). Hughes has failed to establish that the district court abused its discretion in denying relief without holding an evidentiary hearing. *See* § 2254(d); *Cullen v. Pinholster*, 563 U.S. 170, 185-86 (2011); *McDonald v. Johnson*, 139 F.3d 1056, 1059-60 (5th Cir. 1998). The district court's judgment is AFFIRMED as to that issue. *See Norman*, 817 F.3d at 234.