# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 19-20348

July 31, 2020

Lyle W. Cayce
Clerk

NED CARLOS RENFREW,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1137

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Ned Carlos Renfrew, Texas prisoner # 01929324, moves for a certificate of appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2254 application, in which he challenged his felony conviction and sentence for driving while intoxicated, as barred by the one-year limitations period. He also seeks to appeal the denial of his timely Federal Rule of Civil Procedure 59(e) motion and the denial of his motion for an evidentiary hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20348

To obtain a COA, Renfrew must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as in this case, the district court's denial of federal habeas relief is based on procedural grounds, a COA will issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As for the Rule 59(e) motion, Renfrew must show that reasonable jurists would debate whether the district court abused its discretion in denying the motion. *See Williams v. Thaler*, 602 F.3d 291, 304 (5th Cir. 2010).

He has failed to make these showings. *See Slack*, 529 U.S. at 484; *Williams*, 602 F.3d at 304. We therefore do not reach the merits of Renfrew's claims. *See Slack*, 529 U.S. at 485; *Houser v. Dretke*, 395 F.3d 560, 561-62 (5th Cir. 2004). Further, Renfrew's motion for a COA with respect to the denial of an evidentiary hearing is construed as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirmed, *see McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Accordingly, Renfrew's motion for a COA is DENIED, and the denial of an evidentiary hearing is AFFIRMED.