# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2020

Lyle W. Cayce
Clerk

No. 18-10377

United States of America,

*Plaintiff—Appellee*,

*versus*

Amanda Nicole Risovi, also known as Amber Nicole Risovi, also known as "Nikki",

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC 4:17-CV-842

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:*

Amanda Nicole Risovi appeals the denial of a writ of habeas corpus under 28 U.S.C. § 2255, contending that her two claims of ineffective assistance of counsel warranted, if not granting the writ, then at least holding

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-10377

an evidentiary hearing on her petition.  We disagree and will not disturb Risovi's conviction.  The judgment of the district court is **AFFIRMED**.

## BACKGROUND

In October 2015, after eight members of an alleged drug conspiracy were arrested, and two others admitted participating in it, federal investigators focused on Risovi's accounting work for a large-scale methamphetamine distributor.  **S**he retained Steve Jumes as counsel regarding an eventual indictment.  Ultimately, on the advice of Jumes, Risovi pleaded guilty to count 2 of an information charging her with conspiracy to possess with intent to distribute a controlled substance.

Risovi cut a favorable plea deal.  The PSR originally set her guidelines sentence at a minimum of 360 months, but plea negotiations reduced the charge to a crime with a 240-month maximum.  The judge imposed a sentence of 220 months' imprisonment.  A notice of appeal was filed, but Risovi decided to voluntarily dismiss the appeal.

Almost a year later, Risovi filed *pro se* a § 2255 motion challenging her conviction, in which she identified 13 claims for relief based on ineffective assistance of counsel.

Responding that Risovi's claims were conclusory and refuted by the record, the government also presented an affidavit by Jumes and noted that Risovi's § 2255 motion was unsworn, in contravention of Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings.  In turn, Risovi filed an opposition and moved for an evidentiary hearing.  In a second "statement of evidence" she swore her statements to be "true and correct to the best of her knowledge under penalty of perjury."  As ordered by the court, the government filed a sur-reply featuring a second affidavit by Jumes.

Without holding an evidentiary hearing, the district court addressed the § 2255 motion in a memorandum opinion and order under seal. It found that Risovi had attempted to "fudge" the verification requirement under Rule 2(b)(5) by declaring that her declarations under penalty for perjury were only to the best of her knowledge. Although concluding that dismissal would have been appropriate on this ground, the court nevertheless chose to address the merits of the § 2255 motion. It concluded that Risovi had not meaningfully challenged the information provided in the affidavits of her trial counsel. The court denied a certificate of appealability ("COA"). Risovi timely appealed.

This court granted a COA on two of Risovi's ineffective-assistance claims, no COA is necessary to challenge a district court's failure to conduct an evidentiary hearing prior to denying § 2255 relief, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). We appointed counsel to represent Risovi on appeal.

## STANDARD OF REVIEW

This court "review[s] the district court's denial of § 2255 relief *de novo*." *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019). We "review[] a district court's refusal to grant an evidentiary hearing on a § 2255 motion for abuse of discretion." *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008).

## DISCUSSION

On appeal, Risovi presents two theories of ineffective assistance of counsel. First, counsel should have sought a professional evaluation of her competency to enter a guilty plea. Second, her trial counsel should have moved to suppress statements made during an uncounseled interview with law enforcement. In addition, the district court should have held an evidentiary hearing on both issues.

No. 18-10377

To prove ineffective assistance of counsel, Risovi must show (1) that, based "on the facts of the particular case, viewed as of the time of counsel's conduct," her "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688-89, 694, 104 S. Ct. 2052, 2060, 2064–65, 2066 (1984). Risovi has failed to make the requisite showings, and she has failed to establish that an evidentiary hearing was necessary for either ineffective-assistance claim.

## I. Failure to Seek Evaluation of Competency

Risovi's initial theory of ineffective assistance is failure to seek a competency hearing.[1] According to Risovi's motion for a COA, her trial counsel performed deficiently by his "failure to ask for a competency hearing after appellant attempted suicide while in county [jail], seven days before guilty plea." A certificate of appealability was granted regarding "failing to seek a psychological evaluation based on her drug abuse and suicide attempts."

Risovi bases her claim on her trial counsel's alleged awareness of four facts:   (1) Her medication was not being properly adjusted.   (2) She attempted suicide seven days before her guilty plea.   (3) She was placed in isolation after that attempt, and (4) she "asked to have a competency

---

[1] "A defendant is considered legally competent if [he] has 1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and 2) a rational as well as a factual understanding of the proceedings against him." *United States v. McKnight*, 570 F.3d 641, 648 (5th Cir. 2009). This standard applies in the context of guilty pleas. *Austin v. Davis*, 876 F.3d 757, 782 (5th Cir. 2017).

evaluation (because a couple of nurses and one female doctor told her to inform her attorney she needed one).”

Of these four potential grounds, the first three, at least, are insufficient to establish deficient performance. In *United States v. Davis*, this court determined that no competency hearing was necessary on the basis of “an apparent suicide attempt,” within three days of a hearing, by a defendant who was “depressed,” who had “had similar episodes in the past when confronted with stress,” and who was currently hospitalized. 61 F.3d 291, 300–01, 304 (5th Cir. 1995). *Davis* involved a court’s failure to hold a competency hearing, not counsel’s failure to seek one, but the principle established there naturally applies here: an apparent suicide attempt, even shortly before a hearing, and even when combined with certain other conditions, does not create a need for a competency evaluation. Likewise, in this case, Risovi’s apparent suicide attempt, seven days before her plea, even in combination with her unspecified need for medication adjustments and her being moved to isolation, does not establish a need for a competency evaluation. *See also Austin v. Davis*, 876 F.3d 757, 785 (5th Cir. 2017) (“[S]uicidality and depression are not necessarily indications of incompetence.”).

In contrast, a competency evaluation might have been in order if Jumes had believed that prison medical staff considered her incompetent. Risovi does not allege that Jumes manifested any such belief. Instead, she alleges she told Jumes that prison medical staff “told her to inform her attorney she needed [a competency hearing].” But according to Jumes’s unrefuted affidavit, he went himself and “discussed Ms. Risovi’s mental health care multiple times with nursing staff at Parker County Jail.” *Cf. Bouchillon v. Collins*, 907 F.2d 589, 596 (5th Cir. 1990) (finding deficient performance where counsel “did no investigation of any kind”). During those discussions, “[o]fficials in the medical section expressed that

No. 18-10377

Ms. Risovi was malingering and her wounds were not genuine suicide attempts." Further, "at no point did Ms. Risovi express delusions, confusion, or any difficulty comprehending her legal predicament."[2] Reviewing, as we must, "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *Strickland,* 466 U.S. at 690, 104 S. Ct. at 2066, we cannot say that Risovi's trial counsel acted objectively unreasonably by not seeking a psychological evaluation prior to her guilty plea. Indeed, this holds true even assuming that everything in Risovi's affidavit is true.

Risovi argues finally that the district court should have held an evidentiary hearing before dismissing her competency-hearing theory of ineffective assistance. She contends that failure to do so was an abuse of discretion either (1) because the decision should have been made without consideration of the trial counsel's affidavit, or (2) because that affidavit merely sets up "a swearing match," Neither position holds up.

A judge considering a § 2255 petition "may direct the parties to expand the record by submitting additional material relating to the motion." R. Gov'g Section 2255 Proc'gs for the U.S. Dist. Cts. 7(a). Affidavits, in particular, "may also be submitted and considered as part of the record." *Id.* at 7(b). Indeed, "[i]f the motion is not dismissed, the judge must review . . .

---

[2] On appeal, Risovi cites *Drope v. Missouri*, 420 U.S. 162, 181, 95 S. Ct. 896, 908 (1975), as well as *United States v. Ruston*, 565 F.3d 892 (5th Cir. 2009), in maintaining that "assuming Risovi was competent at some point in time *prior* to the day she entered her guilty plea does not establish she was competent *at the time* she entered her plea." In those cases, though, the defendant was either absent from the hearing in question, 420 U.S. at 181, 95 S. Ct. at 908, or experienced "delusions [that] were readily apparent throughout the . . . hearing," *Ruston*, 565 F.3d at 903. In this case, Risovi was present for her plea, and she has pointed to no manifestation of incompetence at that hearing. It is sheer speculation to suggest that Jumes had reason to doubt Risovi's legal competence in the brief interval between two occasions on which he reasonably found no reason to doubt that competence.

any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." *Id.* at 8(a). Contrary to Risovi's contention, therefore, the district court did not err by considering the affidavit of trial counsel in determining whether to hold an evidentiary hearing on an ineffective-assistance claim. *Cf. McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).[3]

Because, as discussed above, the affidavits do not create genuine disputes of material fact, it follows that "[t]he district court had sufficient facts before it to make an informed decision on the merits of [Risovi's] claim and, accordingly, did not abuse its discretion in refusing to hold an evidentiary hearing." *Id.*

## II. Failure to Suppress

Risovi contends also that Jumes performed deficiently by failing to move to suppress statements she made during an interview with law enforcement. Even assuming for argument's sake that counsel erred,[4] Risovi must still establish that her trial counsel's allegedly deficient performance prejudiced her defense. In particular, *Hill v. Lockhart* requires that she "show that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to

---

[3] This point finds no contradiction in Risovi's lone proposed authority, *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940 (2007).

[4] It is most unlikely that Risovi has shown deficient performance. For example, she does not deny that she confirmed to officers conducting the interview that she was not under arrest and was free to leave at any time. Moreover, Risovi has not denied her trial counsel's explanation that Risovi's outlined goal was to obtain the most beneficial sentence possible. Such a goal likely rendered counsel's decision not to file a suppression motion reasonable, and not constitutionally deficient.

trial." 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).[5] In *Hill*, the defendant failed even to allege such prejudice, *id.* at 60, 371; so, too, has Risovi failed.

Nowhere in briefing or in her pleadings does Risovi express any desire to have gone to trial rather than plead guilty. Instead, her only description of prejudice is that trial counsel "took advantage of her decreased mental capacity to have her PLEAD GUILTY," and he did so "in a way which stripped her of important constitutional rights." Then, in a discussion of alleged legal flaws in her sentencing, she mentioned that "'when [Task Force Agent McMeans] was finished with her,' [he] put her in the hands of the DEA."

Indeed, confronted with the government's reliance on *Hill* on appeal, Risovi's reply brief to this court has no response. Risovi cannot allege *Hill* prejudice for the first time on appeal, and without an allegation of prejudice, an ineffective-assistance claim cannot succeed. Further, "[b]ecause petitioner in this case failed to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland v. Washington* test, the District Court did not err in declining to hold a hearing on petitioner's ineffective assistance of counsel claim." *Hill*, 474 U.S. at 60, 106 S. Ct. at 371.

The judgment of the district court is **AFFIRMED**.

---

[5] Also, she must prove that a "decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S. Ct. 1473, 1485 (2010).